# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM N. TURK, CARLITA B. TURK, and NORMAN RADOW, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS, MANNING & MARTIN, LLP, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:20-CV-2815-AT <br> ) <br> ) <br> ) **JURY DEMAND** <br> ) <br> ) <br> ) |

## DEFENDANTS ORNSTEIN-SCHULER INVESTMENTS LLC, ORNSTEIN-SCHULER CAPITAL PARTNERS LLC, CONSERVATION SAVES, LLC, AND GALT MINING INVESTMENTS, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8(a)(2), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Ornstein-Schuler Investments LLC, Ornstein-Schuler Capital Partners LLC, Conservation Saves, LLC and Galt Mining Investments, LLC (collectively "Moving Defendants") hereby file this Motion to Dismiss respectfully moving this Court to dismiss Plaintiffs' Complaint and all claims asserted against Moving Defendants. In support of this Motion, Moving Defendants rely on their memorandum of law filed as an attachment herewith, and

the documents of record in this action.

Specifically, Plaintiffs' Complaint should be dismissed as an improper shotgun pleading that includes "multiple claims against multiple defendants without specifying which defendant is responsible for which acts or omissions such that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Giscombe v. ABN Amro Mortg. Gp., Inc.*, 680 F. Supp.2d 1378, 1381 (N.D. Ga. 2010). Moreover, Counts I, II, III, IV, VI.a[1], and VIII should be dismissed because Plaintiffs failed to plead them with particularity a required by Fed. R. Civ. P. 9(b). Counts I, II, III, IV, VI.a, and VIII also fail to state a claim for relief as they are based on statements of opinion and legal advice regarding future events, which cannot form the basis for a fraud claim. Counts VI.a and VIII also fail because Plaintiffs cannot demonstrate justifiable reliance in light of specific acknowledgments that they were not relying upon any statements or promises by Moving Defendants when deciding to purchase an interest in the LCCs.

In addition, Plaintiffs' federal and Georgia RICO claims (Counts I, II, III, IV) fail because Plaintiffs have not and cannot allege predicate acts or a pattern of racketeering, a conspiracy or scheme to defraud, a separate RICO enterprise, or that

---

[1] Plaintiffs labeled both their negligent misrepresentation and breach of fiduciary duty claims as "Count VI." Accordingly, for clarity's sake, Moving Defendants refer to the negligent misrepresentation claim as VI.a and the breach of fiduciary duty claim as VI.b.

any alleged predicate acts by the Moving Defendants were the proximate cause of Plaintiffs' alleged injuries.

Furthermore, Plaintiffs' claim for professional malpractice (Count V) must fail against the Moving Defendants because they are not licensed professionals subject to an identified standard of care. And Plaintiffs' claim for breach of fiduciary duty (Count VI.b) must also fail because Plaintiffs have not alleged the existence of any confidential relationship between themselves and the Moving Defendants.

Finally, Plaintiffs' claims for "Aiding and Abetting," "Disgorgement" and "Civil Conspiracy" (Counts VII, IX, X) all fail because they do not amount to independent causes of action under Georgia law. And because all of Plaintiffs' other claims fail, Plaintiffs' claims for punitive damages and attorneys' fees must also be dismissed.

WHEREFORE, for the reasons set forth in its Memorandum filed herewith, Defendants' respectfully requests that this Court grant its Motion to Dismiss and enter an Order dismissing all claims asserted against Defendants with prejudice.

Respectfully submitted this 9th day of November, 2020.

>WARGO & FRENCH LLP
>
>*/s/ David M. Pernini*
>David M. Pernini
>Georgia Bar No. 572399
>Heather N. Fugitt

Georgia Bar No. 475152
999 Peachtree Street NE, 26th Floor
Atlanta, Georgia 30309
(404) 853-1520
dpernini@wargofrench.com
hfugitt@wargofrench.com

*Attorneys Defendants Ornstein-Schuler Investments LLC, Ornstein-Schuler Capital Partners LLC, Conservation Saves, LLC and Galt Mining Investments, LLC*

## RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.

**WARGO & FRENCH LLP**

*/s/ David M. Pernini*
David M. Pernini
Georgia Bar No. 572399

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 9, 2020, a true and correct copy of the foregoing document was filed with the Clerk of the Court by using the CM/ECF system, which will automatically serve all parties of record.

/s/ *David M. Pernini*
David M. Pernini
