IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM N. TURK, CARLITA B. TURK and NORMAN RADOW, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORRIS MANNING & MARTIN, LLP, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:20-cv-02815-AT |

**DEFENDANT BENNETT THRASHER, LLP'S
BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

Dana K. Maine
Georgia Bar No. 466580
dmaine@fmglaw.com
Travis M. Cashbaugh
Georgia Bar No. 380162
tcashbaugh@fmglaw.com

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway. Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

*Attorneys for Defendant Bennett Thrasher, LLP*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………….……ii

I. INTRODUCTION ........................................................................................ 1

II. ARGUMENT AND CITATION OF AUTHORITY ............................ 3

    A. Plaintiffs Lack Standing to Assert Claims Against BT ......................... 3

       1. Plaintiffs' Burden of Proof ..................................................................... 3

       2. Named Plaintiffs Cannot Show an Injury Attributable to BT ................. 4

       3. Plaintiffs Cannot Meet the Causation Requirements of Standing ........... 7

    B. The Complaint Contains No Plausible, Well-Pled Allegations
       Concerning Any Fraud-Based Claims in Regard to BT. ..................... 10

III. CONCLUSION ................................................................................. 13

# **TABLE OF AUTHORITIES**

**Cases**

*Anza v. Ideal Steel Supply Corp.*
    547 U.S. 451 (2006)..................................................................................9

*Bischoff v. Osceola County, Fla.*
    222 F.3d 874 (11th Cir. 2000) ..................................................................4

*Bochese v. Town of Ponce Inlet*
    405 F.3d 964 (11th Cir. 2005) ..................................................................3

*Bowen v. First Family Fin. Servs., Inc.*
    233 F.3d 1331 (11th Cir. 2000) ................................................................5

*Douglas v. Southstar Funding, LLC*
    No. 1:18-cv-1802-MLB-JSA, 2018 U.S. Dist. LEXIS 222744
    (N.D. Ga. Oct. 18, 2018) .........................................................................10

*Fortson v. Hotard*
    299 Ga. App. 800 (2009) .........................................................................11

*Franze v. Equitable Assurance*
    296 F.3d 1250 (11th Cir. 2002) ................................................................5

*Harris v. Orange, S.A.*
    636 Fed. Appx. 476 (11th Cir. 2015) .......................................................9

*Hemi Group, LLC v. City of New York*
    559 U.S. 1 (2010)......................................................................................8

*Holmes v. Securities Investor Protection Corp.*
    503 U.S. 258 (1992)..................................................................................8

*I.L. v. Alabama*
    739 F.3d 1273 (11th Cir. 2014) ................................................................4

*In re Takata Airbag Prods. Liab. Litig.*
    396 F. Supp. 3d 1101 (S.D. Fla. 2019) ........................................................................ 4

*Ledford v. Smith*
    274 Ga. App. 714 (2005) ............................................................................................ 12

*Lewis v. Governor of Ala.*
    944 F.3d 1287 (11th Cir. 2019) .................................................................................... 7

*Lujan v. Defenders of Wildlife*
    504 U.S. 555 (1992) ................................................................................................. 2, 3

*Morast v. Lance*
    807 F.2d 926 (11th Cir. 1987) ...................................................................................... 8

*Simon v. E. Ky. Welfare Rights Org.*
    426 U.S. 26 (1976) ....................................................................................................... 4

*Spokeo, Inc. v. Robins*
    136 S. Ct. 1540 (2016) ................................................................................................. 4

*Tucker v. Phyfer*
    819 F.2d 1030 (11th Cir. 1987) .................................................................................... 5

*Warth v. Seldin*
    422 U.S. 490 (1975) ..................................................................................................... 4

*Whitehead v. BBVA Compass Bank*
    19-11821, 2020 WL 6536897 (11th Cir. Nov. 6, 2020) ......................................... 5, 13

## I.  INTRODUCTION

COMES NOW Defendant Bennett Thrasher, LLP[1] ("BT") and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, submits this memorandum of law in support of Defendants' motion to dismiss Plaintiff's Second Amended Class Action Complaint ("SAC") for failure to state a claim upon which relief may be granted.

Afforded an opportunity to clarify their claims, Plaintiffs did nothing to resolve the pleading flaws that are fatal to their claims against BT. Rather than cure the numerous substantive defects, the SAC tries to camouflage those failings in a bloated 270-page, 472-paragraph amended complaint. The allegations in the SAC continue to fail to provide the detail commanded by pleading requirements set forth in *Twombly*, *Iqbal*, and Federal Rule of Civil Procedure 9. In fact, Plaintiffs' new allegations further highlight the incurable defects identified by BT in its initial motion to dismiss. By attributing specific actions to certain <u>other</u> defendants in an attempt to cure the pleading defects, Plaintiffs have emphasized the absence of any direct factual allegations against BT.

---

[1] Plaintiffs inaccurately referred to BT as "LLC" when, in fact, it is a "LLP." BT refers to itself through out under its correct corporate structure.

Substantively mentioned in only sixteen (16) paragraphs, Plaintiffs contend that BT referred clients to participate in unspecified transactions involving the SCE Strategy, performed unspecified due diligence, and provided "other" consulting services. Notably, not a single named Plaintiff is alleged to have been a client of BT or recipient of any of the unspecified services provided by BT.

Despite these superficial allegations, Plaintiffs assert ten causes of action against BT. Each of these counts fail for the reasons cited in the Joint Brief in Support of Defendants' Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint ("Defendants' Joint Brief") (Doc. 223-1), which is incorporated by reference herein pursuant to order of this Court (Doc. 212). The SAC, however, offers no legitimate basis for naming BT as a defendant; and, because there is none, this Court should dismiss the SAC as to BT.

This motion rests on the additional straightforward premise entitling BT to dismissal of the SAC: at an "irreducible constitutional minimum," a plaintiff must demonstrate elements to establish Article III standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). The SAC falls well short of meeting this threshold as to BT. In fact, the SAC's allegations reveal <u>no</u> relationship between any Plaintiff and BT, nor any alleged wrongful conduct on the part of BT causing Plaintiffs injury.

Finally, Plaintiffs' allegations of fraud, RICO and negligent misrepresentation set forth in their shotgun Complaint that loosely refer to "Defendants," fail to meet the pleading requirements of Rule 9(b) or to state required elements of a claim against BT.

Simply put, the SAC fails to state any set of facts establishing ***any*** connection with BT that would give rise to a single cause of action. *None* of the named Plaintiffs allege they were clients of BT. *None* of the named Plaintiffs allege that they were referred to BT, or otherwise engaged BT for any advice or services. The law is clear that, in these circumstances, Plaintiffs' lack of standing necessarily prevents any plausible allegations that BT contributed to Plaintiff's injury, directly or indirectly. Vague and conclusory allegations lumping BT together with other Defendants will not cure this fatal flaw. As such, and as discussed in more detail below, the SAC should be dismissed in its entirety as a matter of law.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Plaintiffs Lack Standing to Assert Claims Against BT.

#### 1.   Plaintiffs' Burden of Proof

Standing is a threshold jurisdictional question for the Court. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). A party invoking federal jurisdiction bears the burden of establishing standing at the commencement of the action. *Lujan v.*

3

*Defenders of Wildlife*, 504 U.S. 555, 561 (1992). This burden must be "clearly" met. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

To satisfy Article III standing requirements, a plaintiff must show (1) an injury-in-fact, (2) "fairly traceable" to the defendant's alleged action, and (3) redressable by the judicial process. *Lujan*, 504 U.S. at 560-61. Thus, standing, at its most fundamental level, requires a plaintiff at least to state "general factual allegations of injury ***resulting from the defendant's conduct***." *Bischoff v. Osceola County, Fla.*, 222 F.3d 874, 878 (11th Cir. 2000) (emphasis added). "Failure to satisfy any of these three requirements is fatal." *I.L. v. Alabama*, 739 F.3d 1273, 1278 (11th Cir. 2014).

### 2.     Named Plaintiffs Cannot Show an Injury Attributable to BT

A plaintiff bears responsibility "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth*, 422 U.S. at 518. "That a suit may be class action ... adds nothing to the question of standing, for even named plaintiffs who represent the class 'must allege and show that they *personally* have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.' " *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (emphasis added); *see also In re Takata Airbag Prods. Liab. Litig.*, 396 F.

4

Supp. 3d 1101, 1126 (S.D. Fla. 2019) (dismissing claims against a joined defendant where plaintiffs in class action failed to show any injury related to joined defendant's actions and instead "attempt[ed] to couple together claims related to [actions of] *two different* [defendants]".); *see also Franze v. Equitable Assurance*, 296 F.3d 1250, 1253-54 (11th Cir. 2002) (without individual standing to raise legal claim against specific defendant, named representative may not raise claim on behalf of class); *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1339 n.6 (11th Cir. 2000) ("The fact that this suit was brought as a class action does not affect the plaintiffs' burden of showing that they individually satisfy the constitutional requirements of standing.") (internal citations and quotations omitted); *Tucker v. Phyfer*, 819 F.2d 1030, 1033 (11th Cir. 1987) ("If the plaintiff's claim is not live, the court lacks a justiciable controversy and must dismiss the claim."); *Whitehead v. BBVA Compass Bank*, 19-11821, 2020 WL 6536897, at *4 (11th Cir. Nov. 6, 2020) ("[Defendants] were not involved in the [conduct which resulted in Plaintiff's loss at issue in this case]. Thus, they cannot fairly be accused of being the proximate cause of [Plaintiff's] harm . . .").

When the named plaintiff lacks a cause of action, the Court should dismiss the action before proceeding to class certification. *See id.* Here, named Plaintiffs have failed to plausibly allege that BT engaged in any wrongful conduct against them causing any injury. Under these circumstances, the law is clear that Plaintiffs lack a

5

concrete injury and do not have standing to bring claims against BT. The SAC does not identify any relationship or conduct between a single named Plaintiff and BT. Indeed, the SAC fails to allege that any Plaintiff was a client of BT. But, all of the alleged wrongdoing on BT's part is related to its conduct towards its <u>clients</u>. (SAC ¶¶ 76, 338(f).) The SAC fails to allege any Plaintiff was referred to BT for advice or services personally. Nor does the SAC plead any factual allegations that any of the named Plaintiffs engaged BT to provide advice or perform services related to the Syndicates. (*Id.*)

In fact, a review of the allegations relating to each transaction shows there is not a single allegation of any direct action of BT in the SCE Strategies and the Syndicates at issue in this case.[2] (*See* SAC ¶¶ 166-279.) Simply put, the named Plaintiffs have not suffered any injury whatsoever due to BT's conduct. As a result, Plaintiffs lack standing to assert claims against BT and the Court should dismiss the complaint as to BT in its entirety.

---

[2] Desperately, Plaintiffs' mention BT's alleged involvement with a "2012 C-Palmetto Syndicate". (*See* SAC, ¶ 105.) However, the SAC fails to define or otherwise describe the "2021 C-Palmetto Syndicate" and pleads no facts as to its involvement with any of the transactions as issue in this case. Such irrelevant factual allegations only serve to highlight the pleading failures throughout the SAC.

### 3. Plaintiffs Cannot Meet the Causation Requirements of Standing

To establish the causation element of standing, or "traceability," "the injury must be 'fairly . . . trace[able]' to the defendant's conduct, as opposed to the action of an absent third party." *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1296 (11th Cir. 2019) (*citing Lujan*, 504 U.S. at 561). Plaintiffs fail to meet this causation requirement to state claims against BT.

First, Plaintiffs assert that the IRS disallowed the LLC's charitable deduction because: (i) the lack of a valid conservation purpose, (ii) failure to properly substantiate a conservation purpose in the Conservation Easement Deed and/or the Baseline Documentation Report, (iii) an improper extinguishment proceeds clause causing the gift to not be in perpetuity, (iv) an improper appraisal method resulting in a grossly inflated valuation of the charitable gift, and (v) failure to submit qualified appraisal from a qualified appraiser. (SAC ¶¶ 192, 219, 251, 279.) Plaintiffs do not allege that BT is responsible for this conduct or these failures; rather, they assert such failures were caused by conduct of certain other defendants. (*Id.*, ¶¶ 179, 206, 237, 266 [Conservation Deed prepared by Morris Manning, Large & Gilbert, OSI, and ACC Defendants, Wild Turkey Federation Defendants, and Private Client Law Group], ¶¶ 180, 207, 238, 267 [Baseline Documentation Report prepared by ACC, Wild Turkey Federation, and Conservation Matters], ¶¶ 213, 245, 273 [Appraisal

Summary prepared by Weibel Defendants], ¶¶ 188, 215, 247, 275 [Large & Gilbert and Partnership Tax Solutions prepared tax return documents].)

Further, as to Plaintiffs' RICO claims, Plaintiffs' purported link between the alleged RICO violations and Plaintiffs' injury is "too remote" to state a claim. *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 2 (2010) (quoting *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 271 (1992)). A plaintiff has standing only if his injuries were proximately caused by the RICO violation, which is shown by a "direct relation between the injury asserted and the injurious conduct alleged." *Holmes*, 503 U.S. at 268; *see also Morast v. Lance*, 807 F.2d 926, 933 (11th Cir. 1987) (no standing where injury "did not flow directly" from defendants' actions).

Here, Plaintiffs' alleged injuries "flow" exclusively from their status as members of LLCs.[3] Plaintiffs make this point time and again, alleging that the primary purpose of the LLC is its tax structure, which benefits all members—the tax advantage/credit from the easement goes to the LLC, which then flows to the members. (*See* SAC ¶¶ 49-50, 59, 71, 183, 210, 242, 270.) Stated differently, without their membership in the LLC, Plaintiffs would not have received this potential tax

---

[3] *See* SAC ¶ 52 (In the case of the SCE Strategy, the Plaintiffs and the Class (i.e., the members of the Syndicate) reported the charitable deductions from the SCE Strategy based on the Schedule K-1 received from the respective Syndicate in which they were a member, as they are required by law to do); ¶ 57(f) (The end result is the Syndicate (which holds the critical property) is owned 97.5% by the Syndicate).

8

benefit or the injuries they now claim which arose from the transactions between the LLCs and certain defendants. Standing simply does not exist for RICO where the "harm suffered by the plaintiff shareholder [is] 'purely contingent' on the harm suffered by the corporation." *Harris v. Orange, S.A.*, 636 Fed. Appx. 476, 481 (11th Cir. 2015) (affirming dismissal of shareholder's state and federal RICO claims[4]). Yet, that is the very claim Plaintiffs chose to make here, and Plaintiffs, therefore, lack standing to assert a RICO claim against Defendants, including BT.

Separately, stripping away the general allegations directed at "Defendants," no alleged conduct by BT "led directly to" Plaintiffs' injuries. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) (injury meets RICO's test for proximate causation when "the alleged [RICO] violation led directly to" that injury). Indeed, Plaintiffs allege that: (1) the LLCs, along with OSI Defendants, and even non-parties, provided the Promotional Materials (SAC, ¶¶ 167, 195, 221, 254), (2) the LLCs' Managers made the decision to pursue the conservation easement (*id.* ¶¶ 178, 205, 236, 265) and, (3) the Weibel Defendants, ACC, Partnership Tax Solutions, and the Wild Turkey Federation, and Large & Gilbert Defendants told them to take the charitable deduction (*id.* ¶¶ 186, 213, 244-45, 273). Thus, by Plaintiffs' own words,

---

[4] *Harris* involved a corporation, but the court's analysis equally applies to an LLC.

9

there is no link between an alleged act by BT and any injury alleged by Plaintiffs and, therefore, Plaintiffs lack standing to sue BT under RICO.

**B.     The Complaint Contains No Plausible, Well-Pled Allegations Concerning any Fraud-Based Claims in Regard to BT.**

Plaintiffs have asserted claims for fraud, negligent misrepresentation and RICO against BT, but despite including over 70 paragraphs identifying purportedly fraudulent actions (*see* SAC ¶¶ 448(1)-(71)) and 72 paragraphs of purported predicate acts (*id*. ¶¶ 351(a)-(ttt)), Plaintiffs fail to set forth any well-pled facts to support the essential elements of fraud as to BT. Plaintiffs' voluminous Complaint does not contain a ***single*** allegation of specific fraudulent activity by BT. Instead, like most of Plaintiffs' allegations, their fraud allegations are described amorphously in terms of actions by the "Defendants directly and indirectly" (SAC ¶ 448.[5]) Plaintiffs' failure to plead the who, what, when, where and how of BT's alleged fraud is fatal. *See Douglas v. Southstar Funding, LLC*, No. 1:18-cv-1802-MLB-JSA, 2018 U.S. Dist. LEXIS 222744, at *14 (N.D. Ga. Oct. 18, 2018) (dismissing fraud claim based on conclusory statements as to multiple defendants' actions).

---

[5] *See also id.*, ¶¶ 173, 200, 228, and 259 (vaguely concluding that "[b]ased on . . . the *Defendants'* advice and representations" Plaintiffs' purchased ownership interests in various LLCs) (emphasis added.)

To state a claim for fraud against BT, Plaintiffs must allege facts sufficient to show "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Fortson v. Hotard*, 299 Ga. App. 800, 802-03 (2009).  Plaintiffs' list of 70 purportedly fraudulent statements does not contain any reference to or attribution to BT for <u>any</u> of the enumerated actions and statements. (SAC ¶ 448(1)-(71).)  Plaintiffs also have not shown that BT knew it made a false representation to a Plaintiff at the time it was made (scienter). Nor have Plaintiffs identified any false statement by BT on which they relied in acting or not acting. Rather, Plaintiffs merely repeat the same generic allegation that BT "performed [] due diligence" as an "advisor" for OSI Defendants in three of the transactions at issue.[6] (*See* SAC, ¶¶ 197, 223, 256.) Plaintiffs do not even allege what the "due diligence" concerned, much less identify any misrepresentations that occurred through such conduct. At best, these allegations plead a business relationship between OSI Defendants and BT. Nothing about this alleged conduct constitutes a misrepresentation. And it is certainly not a misrepresentation made to Plaintiffs.

Moreover, although Plaintiffs also allege that "Defendants" made intentional omissions of fact to Plaintiffs (SAC ¶ 448), they have not identified any specific facts

---

[6] The SAC does not allege BT played any role in the "Lake Point Syndicate." (*See* SAC, ¶¶ 166-193.)

11

to support this conclusory statement. Further, "[s]uppression of a material fact is fraud only if there is a duty to disclose arising from a fiduciary relationship or the particular circumstances of the case." *Ledford v. Smith*, 274 Ga. App. 714, 721 (2005). Plaintiffs have not alleged that BT owed them any fiduciary duty, so to the extent their claim is based on an omission by BT, it cannot stand for this additional reason.

Similarly, Plaintiffs have not identified any false information that BT supplied to them upon which they relied to support their claim for negligent misrepresentation. Plaintiffs instead rely on general allegations made against the "Defendants," including incorporating by reference "those misrepresentations and omissions detailed in Count VIII below," none of which identify any specific action by BT. (*See* SAC ¶¶ 433; 448(1)-(71).) Indeed, the Radow and Turk Plaintiffs each committed to invest in the Lakepoint, FG River, Industrial, and Gulf Land LLCs, respectively, based on information supplied by parties other than BT. Radow makes clear that he invested in Lakepoint, FG River, and Gulf Land based on Promotional Materials prepared by other parties and even non-parties, including the Syndicate's managers. (*See* SAC ¶¶ 167, 171, 173, 195, 199, 200, 254, 258, 259.) Likewise, the Turks invested in Industrial in reliance on Promotional Materials prepared jointly by the Industrial's managers and other Defendants and non-parties. (*Id*. ¶¶ 221, 226, 228.)

Further, there is a lack of any specific economic damage incurred by Plaintiffs due to any alleged false statement made by BT. (*See*, *e.g.*, SAC ¶ 437, referring generally to "Defendants' advice" as having caused them damage.) Plaintiffs do not allege that they decided to invest in the LLCs based on <u>any</u> representation by BT, and certainly not based on any <u>false</u> representation by BT, and so they cannot show that their purported economic injury arose due to any false statement made by BT or was proximately caused by BT. *See Whitehead*, 2020 WL 6536897, at *3, n.4 (11th Cir. Nov. 6, 2020) (lack of causation element was fatal to claims for negligence, breach of fiduciary duty, and fraud where Defendants could not fairly be accused of being proximate cause of Plaintiff's harm as they were not involved in conduct which resulted in loss at issue in case).

Their conclusory allegations as to BT are little more than bare recitals of the elements of a claim. In sum, for the same reasons, in addition to those detailed in the Defendants' Joint Brief (Doc. 223-1), Plaintiffs' failure to adequately plead their RICO and fraud-based claims requires dismissal of all of their fraud-based claims (Counts I – IV, VII, XI, and XII) with prejudice.

### III.   <u>CONCLUSION</u>

Plaintiffs cast a net far and wide in an attempt to ensnare any possible entity as a defendant in an effort to assist Plaintiffs in avoiding the consequences of their

13

financial planning decisions. For BT, fortunately, the federal rules and federal case law does not countenance such endeavors. The rules and law require that defendants have some conduct directed at a plaintiff, and that this conduct caused a plaintiff some harm.  Those allegations are missing from the complaint as to BT.  Therefore, the Court should dismiss the complaint as to BT in its entirety.

Respectfully submitted this 5th day of April, 2021.

>Respectfully submitted,
>
>FREEMAN MATHIS & GARY, LLP
>
>*/s/ Dana K. Maine*
>Dana K. Maine
>Georgia Bar No. 466580
>dmaine@fmglaw.com
>Travis M. Cashbaugh
>Georgia Bar No. 380162
>tcashbaugh@fmglaw.com
>
>*Attorneys for Defendant Bennett Thrasher, LLP*

100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 5th day of April, 2021.

>FREEMAN MATHIS & GARY, LLP
>
>*/s/ Dana K. Maine*
>Dana K. Maine
>Georgia Bar No. 466580
>dmaine@fmglaw.com
>
>*Attorneys for Defendant Bennett Thrasher, LLP*

100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

15

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **Defendant Bennett Thrasher, LLP's Brief in Support of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record:

This 5th day of April, 2021.

>/s/ *Dana K. Maine*
>Dana K. Maine
>Georgia Bar No. 466580
>dmaine@fmglaw.com
>
>*Attorneys for Defendant Bennett Thrasher, LLP*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)