**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WILLIAM N. TURK, CARLITA B. TURK, and NORMAN RADOW, on behalf of themselves and all others similarly situated, | ) ) ) ) ) |
| | ) Civil Action No. 1:20-CV-2815-AT |
| Plaintiffs, | ) |
| | ) |
| v. | ) **JURY DEMAND** |
| | ) |
| MORRIS, MANNING & MARTIN, LLP, et al., | ) ) ) |
| | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF DEFENDANTS ORNSTEIN-SCHULER CAPITAL
PARTNERS, LLC AND ORNSTEIN-SCHULER INVESTMENTS, LLC'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

I.      **INTRODUCTION**[1]

Notwithstanding its length and hyperbolic language, Plaintiffs' Second

Amended Complaint ("SAC") reflects nothing but Plaintiffs' disappointment in the

results of an investment. Indeed, Plaintiffs specifically acknowledge in the SAC that

they are sophisticated businesspeople who chose to become members of and put their

money into certain limited liability companies ("LLCs") that had an interest in

---

[1] The OSI Defendants incorporate by reference the arguments they joined in the Joint Motion to Dismiss filed on March 22, 2021 ("Joint Brief"). Doc. 223.

certain parcels of land.[2] Further, with full knowledge of the financial risks involved,

Plaintiffs admit they—along with the other members of the LLCs—voted to donate

a conservation easement on that land to a land trust.[3] These donations resulted in

federal tax deductions that were passed through to the members, including Plaintiffs,

who claimed the deductions on their tax returns.[4]

As explicitly shown by documents referenced in Plaintiffs' SAC, at all times

Plaintiffs were fully apprised of the potential risks, including that taking a deduction

for the value of a conservation easement donation might be audited by the IRS and

reduced or entirely disallowed.[5] Plaintiffs expressly stated that they would rely on

their own advisors when deciding whether or not to invest.[6] As the warnings

cautioned, the IRS has now challenged the deduction claimed by the four named

LLCs in the SAC (Lakepoint Land Group LLC, Gulf Land LLC, Industrial S&G

LLC, FG River Partners, LLC).[7] Based on these facts, Plaintiffs allege a grand

conspiracy of fraud and racketeering and seek to hold everyone who was in any way

attached to the transactions liable for Plaintiffs' potential tax consequences.

Plaintiffs' efforts to recover from Defendants Ornstein-Schuler Investments,

---

[2] SAC ¶¶ 173, 200, 228, 259.
[3] *Id*. ¶¶ 178, 181, 205, 208, 236, 239, 265, 268.
[4] *Id*. ¶¶ 183, 190, 210, 217, 242, 249, 270, 277.
[5] *See infra* Section III.B and Section III.C.2.
[6] *See infra* Section III.B.
[7] SAC ¶¶ 80, 166-279.

LLC and Ornstein-Schuler Capital Partners, LLC (the "OSI Defendants") under this alleged conspiracy fail as a matter of law. Plaintiffs' claims based on alleged fraud and misrepresentation fail because the documents referenced in the SAC specifically state that Plaintiffs did not rely on any statements by the OSI Defendants. Further, Plaintiffs' specific allegations against the OSI Defendants boil down to alleging that the OSI Defendants: (1) created certain LLCs that obtained an interest in parcels of land; (2) provided promotional materials and the opportunity for investors—such as Plaintiffs—to join such LLCs; and (3) engaged professionals to facilitate the LLCs' donation of a conservation easement and the filing of necessary documentation for the tax deductions.[8] Plaintiffs' SAC, however, specifically admits that there is nothing fraudulent or illegal about donating a conservation easement or claiming a deduction for the value of that donation.[9] Moreover, Plaintiffs acknowledge that using an LLC for donations of conservation easements is similarly "not problematic."[10] Plaintiffs' allegations against the OSI Defendants, therefore, amount to normal, legal business activity, and do not plausibly show a conspiracy to commit fraud or racketeering. Thus, Plaintiffs have not and cannot plead a claim for relief

---

[8] *See id.* ¶ 338(b) (allegations of OSI Defendants purported role in the alleged RICO Enterprise and referencing other Paragraphs in the SAC that make specific allegations concerning the OSI Defendants).

[9] SAC ¶ 2.

[10] *Id.* ¶ 4.

against the OSI Defendants and the Court should dismiss Plaintiffs' claims against the OSI Defendants in their entirety.

## II.   LEGAL STANDARD ON A MOTION TO DISMISS

Under Rule 12 of the Federal Rules of Civil Procedure, a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Additionally, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has . . . not 'show[n] []' that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## III.   ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiffs' Claims for Fraud and Negligent Misrepresentation Against the OSI Defendants Must be Dismissed Because Plaintiffs Disclaimed Any Reliance.

As stated in Defendants' Brief in Support of their Joint Motion to Dismiss, Plaintiffs' SAC continues to violate Fed. R. Civ. P. 8(a) and 9(b).[11] In nearly all

---

[11] Joint Brief at 2-8.

allegations of wrongdoing, Plaintiffs simply lump Defendants or groups of Defendants together such that it is unclear which Defendants are purportedly responsible for the alleged acts or omissions. For these reasons, it is unfeasible to parse out the allegation(s) directed at the OSI Defendants.

Viewed in the light most favorable to Plaintiffs, their allegations regarding the actions of the OSI Defendants are that the OSI Defendants: (1) acquired an interest in real estate, obtained an appraisal of that property, and sought advice regarding a charitable conservation easement on that property;[12] (2) sent Plaintiffs Promotional Materials[13] regarding membership in the LLC;[14] (3) hired professionals to value the land;[15] and (4) worked with professionals[16] across different industries in regard to the conservation easements.[17]

The only allegations that in any way could relate to Plaintiffs' fraud and negligent misrepresentation claims against the OSI Defendants are that the Promotional Materials were false or misleading.[18] Plaintiffs' fraud and negligent misrepresentation claims, however, fail because Plaintiffs cannot establish the

---

[12] *See id.* ¶¶ 166, 194, 220, 253.

[13] Promotional Materials are listed in the Table of Exhibits in the Joint Brief at xiv.

[14] *See id.* ¶¶ 167, 169, 195-96, 221-22, 254-55.

[15] *See id.* ¶¶ 185, 212, 241, 272.

[16] Plaintiffs do not and cannot allege that the OSI Defendants are professionals themselves.

[17] *See* SAC ¶¶ 179, 206, 237, 266, 338(b) (citing other SAC Paragraphs referencing OSI Defendants).

[18] OSI Defendants do not concede or agree that such allegations are well-pled, much less true.

necessary element that they justifiably relied on any information from the OSI Defendants. *See Liberty Cap., LLC v. First Chatham Bank*, 338 Ga. App. 48, 54 (2016) (stating the elements of negligent misrepresentation); *Hickey v. Kostas Chiropractic Clinics, P.A.*, 259 Ga. App. 222, 224 (2003) (stating the elements of fraud). Indeed, the Promotional Materials expressly state that Plaintiffs should not rely on any representations contained therein.[19] The Promotional Materials further repeatedly warned Plaintiffs that no return was guaranteed and to "rely upon their independent examination and judgment as to the prospects of any particular business venture with [Conservation Saves]."[20] These express disclosures alone negate any justifiable reliance on any alleged statements by OSI Defendants.

In addition, Plaintiffs confirmed in writing in the Investor Agreements that they were expressly aware of all the risks involved, and that they were not relying on any statements in the Promotional Materials or by the OSI Defendants in making their decisions.[21] Indeed, the Investor Agreements warned of the very risks Plaintiffs now claim were not disclosed:

- The risks that the IRS may challenge the value of the appraisal;

- The "substantial risks" of conservation easement donations;

---

[19] Doc. 223-2, Doc. 223-3, Doc. 223-4, Doc. 223-5.
[20] Doc. 223-2 at 10, Doc. 223-3 at 3, Doc. 223-4 at 3, Doc. 223-5 at 3.
[21] Doc. 223-6, Doc. 223-7, Doc. 223-8, Doc. 223-9.

- The increased scrutinization of conservation easements by the IRS;

- The risk of an audit and attendant expenses;

- The risk that the IRS may challenge the appraisal as a qualified appraisal;

- The risk that any deduction may be reduced; and

- The risk of substantial penalties if a deduction was disallowed.[22]

These disclaimers preclude a finding of justifiable reliance on any statements by the OSI Defendants as a matter of law. *See, e.g.*, *Legacy Acad., Inc. v. Mamilove, LLC*, 297 Ga. 15, 18 (2015) (finding reliance unreasonable as a matter of law where Agreement disclaimer directly contradicted the alleged reliance); *see also Middleton v. Int'l Bus. Machines Corp.*, 787 F. App'x 619, 622 (11th Cir. 2019) ("[U]nder Georgia law, 'the mere presence of a disclaimer,' regardless of whether or not the plaintiff saw it, can 'render ... reliance unreasonable.'"); *Williams v. Fortson, Bentley & Griffin*, 212 Ga. App. 222, 224 (1994) ("The reliance must be justifiable, and this additional duty may be limited by appropriate disclaimers which would alert those not in privity with the supplier of the information that they rely upon it only at their peril.").

---

[22] *See* Doc. 223-6, Doc. 223-7, Doc. 223-8, Doc. 223-9.

Accordingly, the documents at issue conclusively establish that Plaintiffs ***did not at any time*** justifiably rely on any statement made by OSI Defendants in the transactions. Rather, having certified to being "accredited investors" who could bear the risk of losing their entire investments,[23] Plaintiffs specifically disclaimed any reliance on the OSI Defendants and warranted that their investments were made after receiving advice from Plaintiffs' independent advisors.[24] In the absence of any justifiable reliance, Plaintiffs' claims for fraud and negligent misrepresentation against the OSI Defendants must be dismissed.

### B. All of Plaintiffs' RICO Claims Against OSI Defendants Fail as a Matter of Law.

To maintain a RICO claim, Plaintiffs must establish: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1158 (11th Cir. 2019). "A pattern of racketeering activity under RICO requires at least two qualifying predicate acts, each of which must constitute a violation of one of the state or federal laws described in 18 U.S.C. § 1961(1)." *Id*. Similarly, a Georgia RICO claim is essentially identical to a federal RICO claim, and thus the Plaintiffs are also required to plead, *inter alia*, "'at least two acts of racketeering activity' by committing one or more of

---

[23] Doc. 223-6 at 2, Doc. 223-7 at 2, Doc. 223-8 at 2, Doc. 223-9 at 2.
[24] *See id.*

the crimes set forth in OCGA § 16-14-3(5)(A)." *Bowden v. Med. Ctr., Inc.*, 845

S.E.2d 555, 566 (Ga. 2020) (citing O.C.G.A. § 16-14-3(5)(A)). Because "[t]he

federal and Georgia racketeering acts are 'essentially identical,' a failure to state a

claim under the federal act warrants dismissal under the Georgia act." *Feldman v.*

*Am. Dawn, Inc.*, 849 F.3d 1333, 1342 (11th Cir. 2017).

    1. <u>Plaintiffs Fail to Sufficiently Plead Any Predicate Acts or a Pattern of Racketeering.</u>

Plaintiffs' RICO claims purportedly rest on predicate acts of wire and mail

fraud.[25] The elements of mail or wire fraud are that a defendant "(1) intentionally

participates in a scheme to defraud another of money or property and (2) uses the

mails or wires in furtherance of that scheme." *Am. Dental Ass'n v. Cigna Corp.*, 605

F.3d 1283, 1290 (11th Cir. 2010).

Here, the only instance that Plaintiffs include any specific allegations against

OSI Defendants is in Paragraph 351, which purports to set out a series of fraudulent

---

[25] *See, e.g.*, SAC ¶¶ 345, 347 (claiming that the predicate acts for their RICO claims involved claims under §1341 (relating to mail fraud), §1343 (relating to wire fraud) and §1346 (relating to scheme or artifice to defraud)), ¶¶ 349-360 (same). In addition to mail and wire fraud, Plaintiffs purport to bring claims under § 1346, a "scheme or artifice to defraud." The Supreme Court has held that § 1346 only encompasses "bribery and kickback schemes." *See Skilling v. United States*, 561 U.S. 358, 412 (2010). Plaintiffs fail to allege any act of "bribery" or "kickbacks." Accordingly, the RICO claim should be dismissed.

communications.[26] Other than the conclusory allegation[27] that these communications were "fraudulent," Plaintiffs fail to allege what was allegedly false or misrepresented in those communications, how Plaintiffs were misled, or what the OSI Defendants gained by the alleged fraud.[28] Absent such factual allegations, Plaintiffs have not plausibly alleged any predicate act by the OSI Defendants, and Plaintiffs' RICO claims against the OSI Defendants should be dismissed.

Further, as stated in the Joint Brief, Plaintiffs' additional allegations of fraudulent conduct listed in subparagraphs (1) through (27) of Paragraph 354 fail to specify which Defendants, including OSI Defendants, purportedly engaged in the allegedly fraudulent conduct, when it allegedly occurred, or any of the surrounding circumstances of the alleged "fraud." [29] Such allegations are insufficient to meet the Rule 9(b) particularity standard. *Am. Dental*, 605 F.3d at 1291 (affirming dismissal of fraud-based RICO claims because, among other reasons, plaintiffs failed to point to specific misrepresentations or allege the way they were misled).

---

[26] SAC ¶ 351(b), (d), (k), (q), (u), (z), (gg), (ll), (qq), (uu), (yy)-(lll).

[27] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[28] *Id.*

[29] Joint Brief at 11 n.19.

2.  Plaintiffs Fail to Plead a Conspiracy or Scheme to Defraud.

Similar to Plaintiffs' claims of fraud and negligent misrepresentation, Plaintiffs' RICO claims predicated on a "scheme" to "defraud" them into participating in these investments are not plausible on their face because, as noted above, the Promotional Materials told Plaintiffs to obtain an independent analysis of the investment. In addition, Mr. Turk and Mr. Radow both signed Investor Agreements that set forth the risks of the transactions in specific detail.[30] As demonstrated above, the Investor Agreements warned of the very risks Plaintiffs now claim were not disclosed as part of this alleged "scheme."

In fact, the Investor Agreements specifically note that "***there is no assurance of the potential tax impact on a potential Investor in the event that the conservation easement" is granted*** and that "no guarantees have been given directly or indirectly to the Investors with respect to any tax benefit to be derived from an investment in the Company."[31]  It is simply not plausible to conclude that a "scheme to defraud" exists where Plaintiffs specifically acknowledge that they were aware of all the specific risks of results that now form the basis of their claims. Indeed, these documents directly contradict Plaintiffs' assertions that they were misled into

---

[30] *See* Doc. 223-6, Doc. 223-7, Doc. 223-8, Doc. 223-9.
[31] *See* Doc 223-6 at 5-6, Doc. 223-7 at 5-7, Doc 223-8 at 6-7, Doc. 223-9 at 6-7.

believing that these transactions were guaranteed to have a specific tax impact with no risk.[32] Thus, Plaintiffs' RICO counts fail to allege facts to establish a scheme to defraud and the Court should dismiss Plaintiffs' RICO claims against the OSI Defendants. *Prince Heaton Enterprises., Inc. v. Buffalo's Franchise Concepts, Inc.*, 117 F. Supp. 2d 1357, 1362 (N.D. Ga. 2000) (dismissing RICO claim for failing to allege a scheme to defraud where plaintiff represented in an agreement that defendants made no representations to them regarding profits).

### C. Plaintiffs Fail to Allege Negligence Against the OSI Defendants.

Plaintiffs fail to sufficiently plead that the OSI Defendants owed them any extracontractual duty. Aside from the conclusory statement that Defendants "owed Plaintiffs and the members of the Class a duty to comply with the applicable standards of care,"[33] the SAC lacks any facts plausibly alleging that the OSI Defendants owed or breached any duty to Plaintiffs.[34] Indeed, the only factual allegations containing any reference to negligence (and even then only a threadbare, conclusory statement) concern the preparation of Appraisals and Baseline Documentation Reports,[35] neither of which were prepared by OSI Defendants.

---

[32] SAC ¶ 336.
[33] *Id.* ¶ 425.
[34] *Id.* ¶¶ 425-431.
[35] *Id.* ¶¶ 284, 295.

Accordingly, the Court should dismiss Plaintiffs' claim for negligence against the

OSI Defendants. *See Caban v. Rushmore Loan Mgmt. Servs.*, No. 1:18-CV-00393-

MHC-JFK, 2018 WL 5260063, at \*5 (N.D. Ga. July 23, 2018) (dismissing plaintiff's

negligence claims for failure to plead or identify any duty or obligation).

### D. Plaintiffs Fail to Allege a Fiduciary Relationship with OSI Defendants; thus, their Claim for Breach of Fiduciary Duty Fails.

Plaintiffs have failed to allege any facts showing that OSI Defendants had a

confidential relationship such that they owed any fiduciary duties to Plaintiffs. To

establish a claim for breach of fiduciary duty a plaintiff must establish: (1) the

existence of a confidential relationship creating a fiduciary duty; (2) breach of that

duty; and (3) damage proximately caused by the breach. *Wilchombe v. TeeVee*

*Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) (dismissing the complaint for failure

to provide any factual basis for the existence of a fiduciary duty). A "confidential

relationship" is one "where one party is so situated as to exercise a controlling

influence over the will, conduct, and interest of another or where, from a similar

relationship of mutual confidence, the law requires the utmost good faith, such as

the relationship between partners, principal and agent, etc." O.C.G.A. § 23-2-58.

The SAC is devoid of any facts showing a "controlling influence" or a "relationship

of mutual confidence" that might be akin to a principal and agent.

Rather, the factual allegations of the SAC establish that Plaintiffs were in an

arms-length business relationship with OSI Defendants. Plaintiffs' threadbare allegation that they put trust and confidence in OSI Defendants alone is insufficient to create a confidential relationship.[36] *See Williams v. Dresser Indus., Inc*., 120 F.3d 1163, 1168 (11th Cir. 1997) ("[T]he mere fact that one reposes trust and confidence in another's integrity does not create a confidential relationship.").

### E. Plaintiffs Fail to State a Claim against the OSI Defendants for Breach of Fiduciary Duty or Conspiracy Because they Have Failed to Allege a Separate Overt or Wrongful Act.

Moreover, in Count X, Plaintiffs' broad conclusion that all Defendants "aided and abetted the breaches of fiduciary duty of each of the other Defendants"[37] simply cannot state a cause of action because it fails to identify any overt or wrongful acts by the OSI Defendants that could amount to aiding and abetting. *Edwards v. Prime, Inc.,* 602 F.3d 1276, 1300 (11th Cir. 2010) ("The mere use of the words 'conspiracy' and 'aiding and abetting' without any more explanation of the grounds of the plaintiffs' entitlement to relief is insufficient."). Thus, the Court should dismiss Plaintiffs' claims against the OSI Defendants for breach of fiduciary duty and aiding and abetting breach of fiduciary. *Wilchombe*, 555 F.3d at 959.

In addition, Plaintiffs' claim for civil conspiracy must also be dismissed

---

[36] SAC ¶ 441.
[37] *Id.* ¶ 455.

because "[a]bsent the underlying tort, there can be no liability for civil conspiracy."

*Mustaqeem-Graydon v. SunTrust Bank*, 258 Ga. App. 200, 207 (2002) (finding that

a conspiracy claim failed where underlying fraud clam failed). For the reasons

already set forth above, Plaintiffs have not adequately alleged any tort claim against

the OSI Defendants and thus Plaintiffs' civil conspiracy claim necessarily fails.

## IV.    CONCLUSION

For all the reasons set forth above, Plaintiffs' claims against the OSI

Defendants must be dismissed.

Respectfully submitted this 5th day of April, 2021.

WARGO & FRENCH LLP

*/s/ David M. Pernini*
David M. Pernini
Georgia Bar No. 572399
Vernon M. Strickland
Georgia Bar No. 345346
Ashley Escoe
Georgia Bar No. 711656
999 Peachtree Street NE, 26th Floor
Atlanta, Georgia 30309
(404) 853-1520
dpernini@wargofrench.com
vstrickland@wargofrench.com
aescoe@wargofrench.com

*Attorneys for Defendants Ornstein-Schuler
Investments, LLC and Ornstein-Schuler
Capital Partners, LLC*

# RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies that this document has been prepared with

Times New Roman 14-point font in accordance with Local Rule 5.1.C.

                    **WARGO & FRENCH LLP**

                    */s/ David M. Pernini*

                    David M. Pernini
                    Georgia Bar No. 572399

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 5, 2021, a true and correct copy of the foregoing document was filed with the Clerk of the Court by using the CM/ECF system, which will automatically serve all parties of record.

/s/ *David M. Pernini*
David M. Pernini