IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM N. TURK, CARLITA B. TURK, and NORMAN RADOW, on Behalf of themselves and all others Similarly situated, | ) ) ) ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiffs, | ) | NO.:  1:20-CV-02815-AT |
| | ) | |
| v. | ) | |
| | ) | |
| MORRIS, MANNING & MARTIN, LLP; et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## AARON KOWAN AND THE PRIVATE CLIENT LAW GROUP'S SEPARATE MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

COME NOW Aaron Kowan and The Private Client Law Group ("PCLG") (collectively "PCLG Defendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and this Court's Scheduling Order Regarding Briefing on Motions to Dismiss (Doc. 212) and file their Separate Memorandum in Support of Motion to Dismiss showing the Court as follows:

## I.    Introduction

Plaintiffs' Second Amended Complaint ("SAC") falls well short of rectifying any of the deficiencies highlighted in the PCLG Defendants' original Motion to

Dismiss.  In addition to the reasons addressed in Defendants' Joint Brief in Support of Motion to Dismiss (Doc. 223-1)[1] ("Joint Brief"), the PCLG Defendants raise these additional arguments warranting dismissal.

Identified in only 24 of the SAC's 472 paragraphs, Plaintiffs first contend the PCLG Defendants provided legal opinion letters to clients regarding participation in unspecified Syndicates.[2]  However, not one of the named Plaintiffs is alleged to have been either a client or the recipient of such a letter.  Plaintiffs also fail, once again, to allege the content of the letters themselves.  There is nothing in the SAC contending what was either deficient or misleading in these letters.  In short, this entire basis of liability is both lacking in factual predicate and incognizable as a matter of law.

Plaintiffs also contend the PCLG Defendants allegedly played a separate role as legal counsel for the Syndicates assisting in preparation and review of various documents supporting the conservation easements.  And while Plaintiffs have attempted to buttress these allegations through amendment, the same problems persist.  In particular, the PCLG Defendants never represented the individual

---

[1] The Joint Brief is incorporated as if fully set forth herein pursuant to this Court's Scheduling Order Regarding Briefing on Motions to Dismiss (Doc. 212).

[2] For the Court's convenience, the PCLG Defendants (or just PCLG) are mentioned in the following paragraphs in the SAC: 43, 44, 75, 109-113, 115-117, 170, 172, 206, 212, 227, 256, 266, 267, 272, 283, 303, 338(e), and 351(u) & (qq).

members of the Syndicates (i.e. Plaintiffs and the putative class).  Without this lynchpin, there is no plausible basis to establish the PCLG Defendants owed Plaintiffs any duty.  Plaintiffs also fail to offer any plausible allegation of either fraud or misrepresentation.  The reasoning for this omission is clear: the PCLG Defendants provided only traditional legal services. The SAC is devoid of any plausible allegation that the PCLG Defendants ever crossed the line and participated in any alleged fraud or illegal scheme.

Despite these threadbare allegations, Plaintiffs assert eleven causes of action against the PCLG Defendants: (1) violation of RICO 18 U.S.C. § 1962(c) (Count I); (2) violation of RICO 18 U.S.C. § 1962(d) (Count II); (3) violation of Georgia RICO (Count III); (4) conspiracy to violate Georgia RICO (Count IV); (5) negligence (Count VI); (6) negligent misrepresentation (Count VII); (7) breach of fiduciary duty and disgorgement (Count VIII); (8) fraud (Count IX); (9) aiding and abetting breach of fiduciary duty (Count X); (10) rescission (Count XI); and (11) civil conspiracy (Count XII).

Ultimately, Plaintiffs took a run-of-the-mill commercial transaction and sued everyone associated with it regardless of their actual role or conduct. Even accepting the allegations as true, the SAC lacks sufficient factual matter to state a plausible claim for relief against either Mr. Kowan or PCLG.

## II.   The Specific Allegations Against Mr. Kowan and PCLG.

According to Plaintiffs, the PCLG Defendants performed "distinct roles in connection with the structure, promotion, sale and implementation of the SCE strategy." SAC ¶ 111. First, the PCLG Defendants allegedly recruited their own clients to buy into a fund, that would in turn become a member of a Syndicate. *Id.* They then allegedly provided these clients with legal opinion letters regarding participation in the Syndicate. *Id.* No named Plaintiff alleges he/she was a client of either Mr. Kowan or PCLG. *See generally* SAC. They likewise fail to allege they participated in a Syndicate through the alleged PCLG-operated fund. The SAC also lacks any allegation that a named Plaintiff received one of the alleged "legal opinion letters." There is likewise no allegation that the actual content of these letters was inappropriate. There is absolutely *nothing* in the SAC to apprise the PCLG Defendants as to what Plaintiffs contend was deficient, improper, false, or fraudulent in the alleged letters.[3]

---

[3] In a separate allegation, Plaintiffs contend the PCLG Defendants provided opinion letters to OSI Syndicates (and not members of the putative class). SAC ¶ 112. Once again, they say nothing about the specific content of the letters to support any claim of wrongdoing. Presumably, these alleged letters to OSI Syndicates were part of the due diligence Plaintiffs contend the PCLG Defendants performed for the Syndicates as alleged legal advisors. Regardless, it is clear that the named Plaintiffs received no such letters to base a claim of reliance, misrepresentation, or duty.

As for their other role, Plaintiffs generically contend the PCLG Defendants served as legal counsel for "certain Syndicates." SAC ¶ 111. In this role, PCLG allegedly "provided legal advice and services to the OSI Defendants and members of the Syndicates . . . including document preparation, review, and analysis and due diligence of the bona fides of the purported tax benefits of the SCE strategy." *Id.*

With respect to the specific transactions at issue in the SAC, Plaintiffs continue to offer mostly generic descriptions of the PCLG Defendants' alleged involvement. In both the Lakepoint and Industrial Syndicates, Plaintiffs allege the exact same allegation: "provided material aid, assistance, consulting services and/or advice . . . and, in particular, performed a due diligence review." *Id.* at ¶¶ 172, 227. There is nothing "particular" about alleging a "due diligence" review, which could encompass anything. Additionally, Plaintiffs' use of the term "and/or" is tantamount to an admission that they have no idea what, if any, role the PCLG Defendants played in these Syndicates.

As for the Gulf Land and FG River Syndicates, Plaintiffs virtually verbatim contend PCLG,[4] along with MMM, OSI, and ACC Defendants, jointly prepared and approved the Conservation Easement Deed. *Id.* at ¶¶ 206, 266. Additionally, PCLG, MMM and OSI Defendants allegedly selected the Weibel Defendants' Appraisal to

---

[4] This allegation does not include Mr. Kowan.

support the charitable contribution deduction.  *Id.* at ¶¶ 212, 272.  Specific to the

Gulf Land Syndicate, Plaintiffs allege PCLG (again, not Mr. Kowan) along with the

same entities prepared and provided the Baseline Documentation Report.[5]  *Id.* at

¶ 267.

Ultimately, Plaintiffs contend the PCLG Defendants provided legal support,

worked with other lawyers and alleged clients, and helped prepare documentation.

In other words, Plaintiffs contend the PCLG Defendants were lawyers.  There is

simply nothing nefarious about what they allegedly did here.

### III.   <u>Argument and Citation of Authority</u>

A.   Not one named Plaintiff alleges a viable cause of action against the
     PCLG Defendants.

"When considering a motion to dismiss filed in a putative class action before

certification of a class, the Court considers only Plaintiff's individual allegations . . .

[and] not the generalized allegations of the putative class members." *Parm v. Nat'l*

*Bank of Cal., N.A.*, 242 F. Supp. 3d 1321, 1342 (N.D. Ga. 2017) (citing *Crissen v.*

*Gupta*, 994 F. Supp. 2d 937, 945-46 (S.D. Ind. 2014)).  It follows that a "named

plaintiff must have a valid cause of action against each defendant, and cannot rely

on the allegations of putative class members if he or she does not also have a claim

---

[5] Plaintiffs also generically contend PCLG (again, not Mr. Kowan), also provided "due diligence services related to the transaction."  SAC ¶ 256.

against that defendant." *Id.* In other words, this Court must evaluate the SAC as an action between Radow, the Turks, and the PCLG Defendants. *Luppino v. Mercedes-Benz USA, LLC*, No. 09-5582, 2010 U.S. Dist. LEXIS 83584, at *14 (D.N.J. 2010) (quoting *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 659 (3d Cir. 1998)); *see also La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir. 1973) (finding plaintiff lacks standing to sue defendants against whom plaintiff has no cause of action); *Stewart v. Bureaus Inv. Group #1, LLC*, 24 F. Supp. 3d 1142, 1154 (M.D. Ala. 2014) (partially abrogated on other grounds) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)) (stating a class action adds nothing to the question of standing and plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent").

In addition to the arguments raised in Section G of the Joint Brief, none of the named Plaintiffs was an alleged client of the PCLG Defendants. This undermines the entire basis for liability arising from the comfort letters, which none of them claims to have received. Similarly, the PCLG Defendants allegedly provided legal services to the Syndicates—and not the individual members like the named Plaintiffs. The PCLG Defendants allegedly caused injury to their alleged clients,

which according to the SAC was the OSI Defendants.  None of the named Plaintiffs can allege they have been personally injured and thus their claims fail for lack of standing.

      B.     The PCLG Defendants did not owe Plaintiffs a duty as required to establish a claim of negligence.

Plaintiffs abandoned their claim of professional malpractice against the PCLG Defendants in the SAC.  It was evident the named Plaintiffs never retained the PCLG Defendants to establish the requisite duty for such a claim.  They instead now allege a claim of ordinary negligence (Count VI), but Plaintiffs have the same problem.  As discussed more fully in Section E of the Joint Brief, whether professional or ordinary negligence, Plaintiffs have not and cannot establish the PCLG Defendants owed them a duty because they were neither clients nor did they otherwise retain the PCLG Defendants.[6]  Without duty, Count VI fails to state a claim for relief.

      C.     Plaintiffs do not and cannot allege a cognizable claim of breach of fiduciary duty.

Plaintiffs identify "PCLG" in the title of Count VIII (Breach of Fiduciary Duty and Disgorgement), but never make any allegation against either Mr. Kowan or

---

[6] The underlying problem with Plaintiffs' attempt to substitute an ordinary negligence claim for their abandoned professional negligence claim is that virtually any claim against a lawyer contending deficient legal services sounds in professional negligence because it necessarily implicates the standard of care.

Case 1:20-cv-02815-AT   Document 231   Filed 04/05/21   Page 9 of 17

PCLG.  Instead, Plaintiffs contend only "MMM, L & G, and the Return Preparer Defendants became fiduciaries of the Plaintiffs and members of the Class."  SAC ¶ 441.  As explained in Section D of the Joint Brief, Plaintiffs must establish the existence of a confidential relationship creating a fiduciary duty.  There is no such allegation here.  More importantly, there could not be.  None of the Plaintiffs were clients of the PCLG Defendants.  There is no other allegation in the SAC on which to plausibly claim the PCLG Defendants owed Plaintiffs a fiduciary duty that could be breached.  Count VIII should be dismissed.

      D.    **Plaintiffs' fraud and negligent misrepresentation claims are legally implausible and fail to satisfy the heightened pleading standard.**

          i.    **Plaintiffs fail to allege an actionable misrepresentation.**

Plaintiffs fail to identify a single misrepresentation that could plausibly support a fraud/negligent misrepresentation claim against the PCLG Defendants. First, Plaintiffs generically allege the PCLG Defendants provided legal opinion letters to clients who participated in a fund (that in turn participated in some unidentified syndicate).  As argued above, such generic pleading on behalf of unidentified putative class members is not sufficient.  But even if it were, Plaintiffs do not identify any alleged misrepresentation in the PCLG letter itself.  There is nothing in the SAC about either the letter's content or any other specific statements

-9-

that were allegedly false or fraudulent.  Such vague pleading fails to meet the heightened standard under Rule 9.

As for the PCLG Defendants' other role in the context of allegedly providing legal support to the Syndicates, the result is the same.  The most particular allegation is that the Conservation Easement Deed in the FG River Syndicate contained numerous "misrepresentations and omissions."  SAC ¶ 206.  Like virtually everything else in the SAC, this allegation jumbles multiple Defendants (MMM, OSI, and ACC in addition to PCLG) together making it impossible to determine who did what.

Even ignoring the lack of specificity, the rationale for contending the Deed contained "misrepresentations" is not plausible.  Plaintiffs contend the Deed contained misrepresentations *because* the IRS later identified such issues when it selected the FG River Syndicate for audit.  SAC ¶ 219.  Plaintiffs in conclusory fashion essentially contend the PCLG Defendants *knew* the Syndicate would be selected for audit and, more importantly, that the tax deductions would be disallowed based on issues in the Deed.[7]  But, as discussed further in the Joint Brief, the alleged

---

[7] Even if that were plausible, the record is clear that Plaintiffs were on notice of this occurring as well.

misrepresentations are nothing but legal opinions and predictions of future events, neither of which constitutes an actionable misrepresentation.

This allegation is the closest Plaintiffs come to actually alleging a misrepresentation, and it is woefully deficient. The rest of the allegations against the PCLG Defendants contend only that they provided run-of-the-mill legal work.

ii.   Plaintiffs have not plead justifiable reliance.

Even if Plaintiffs could identify a misrepresentation, they still have not plausibly demonstrated any justifiable reliance on the PCLG Defendants. With respect to their first alleged role providing legal opinion letters, as discussed above, none of the named Plaintiffs received such a letter to claim such reliance.

In addition, there can be no justifiable reliance based on the Conservation Easement, Appraisal, or any due diligence the PCLG Defendants allegedly performed. As discussed in the Joint Brief, Plaintiffs disclaimed any reliance on the PCLG Defendants' alleged legal work for the Syndicates and they were fully apprised of the risks of the transactions. In addition, none of the PCLG's alleged statements constitute a representation made to Plaintiffs.[8] In fact, there is not one

---

[8] Plaintiffs have failed to allege facts sufficient to impose on PCLG Defendants a duty to speak. In a claim for concealment, as opposed to affirmative misrepresentation, a plaintiff must demonstrate he is owed a duty to disclose by the defendant. *Infrasource, Inc. v. Hahn Yalena Corp.*, 272 Ga. App. 703, 705 (2005); *Ali v. Fleet*, 232 Ga. App. 13, 14 (1998); *In re Infocure Secs. Litig.*, 210 F. Supp. 2d

allegation in the SAC wherein the named Plaintiffs contend they had any contact with or were known to the PCLG Defendants.  Again, Plaintiffs expressly allege the PCLG Defendants served as "legal counsel for the Syndicate," which Plaintiffs identify as limited liability companies and thus wholly separate from the Syndicate's individual members.  SAC ¶ 110; *see also id.* at ¶ 111.

    E.    Plaintiffs' RICO claims are not plausible.

        i.  Plaintiffs fail to allege either Mr. Kowan or PCLG committed any predicate acts.

As explained in the Joint Brief, Plaintiffs fail to allege predicate acts of mail and wire fraud to support their RICO claims.[9]  SAC ¶¶ 350-51.  This is particularly true for the PCLG Defendants.  Of the 72 alleged predicate acts, "PCLG"[10] is identified in only two.  SAC ¶¶ 351(u), (qq).  These subsections are virtually verbatim and contend the Conservation Easements (for FG River and Gulf Land Syndicates) were "jointly prepared and approved by MMM, OSI, PCLG, and the

---

1331, 1353 (N.D. Ga. 2002).  As described above, since Plaintiffs allege the PCLG Defendants allegedly represented the Syndicates, they did not represent the members of the Syndicates as well.  Plaintiffs fail to allege they were ever clients or hired the PCLG Defendants in connection with *any* Syndicate.

[9] "Mail or wire fraud occurs when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in furtherance of that scheme." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

[10] By only listing PCLG and not the PCLG Defendants, Plaintiffs do not include Mr. Kowan in this listing of alleged predicate acts.

ACC Defendants and sent via U.S. mail and/or mail[11] for filing." *Id.* Nothing about these allegations meets the heightened pleading standard of Rule 9. Plaintiffs fail to identify anything was misrepresented, how Plaintiffs were misled, and what each Defendant gained by the alleged misrepresentation. *See also* Joint Brief at 5. Plaintiffs' use of "and/or" demonstrates that they may not be claiming both mail *and* wire fraud—rather mail *or* wire fraud—and cannot satisfy the requisite two predicate acts. Additionally, Plaintiffs contend "most importantly, the Conservation Easement Deed was not considered final unless and until Pollock approved it." SAC ¶ 116. This undermines Plaintiffs' contention here that PCLG approved anything, jointly or not.

But most importantly, what is illegal about helping to prepare and approve a deed? If Conservation Easements Deeds were deficient in some respects, at most it would implicate the standard of care, and thus a claim of professional negligence. However, there is no plausible basis to turn the PCLG Defendants' alleged legal work into a distinct act of mail and wire fraud to support a RICO claim. There is simply no plausible allegation to bridge that gap. As a result, this whole set of allegations falls flat.

---

[11] Presumably, this is a typo and should be "e-mail."

Even looking elsewhere in the SAC, including the 113 paragraphs incorporated from Section III.F.2, there is still no allegation of either wire or mail fraud by either Mr. Kowan or PCLG that satisfies Rule 9. Absent the requisite racketeering activity, Plaintiffs' RICO claim are not cognizable.

        ii.    Plaintiffs' RICO claims fail to plausibly plead either operation or management of the RICO enterprise.

There is no plausible basis to contend the supplying of alleged legal opinion letters is tantamount to operation or management of a RICO enterprise—and Plaintiffs themselves never allege that it is. As for the alleged preparation of documents and due diligence, both, as alleged, involved various other parties. This undermines any contention that the PCLG Defendants operated or managed the RICO enterprise. Plaintiffs themselves expressly allege *other* Defendants -- not PCLG -- had ultimate authority on both the supporting documentation and the selection of appraisals. *See, e.g.*, SAC ¶¶ 114, 116, 266, 283, 338(a). Such contradictory pleading cannot satisfy the plausibility requirement under *Twombly*.

Finally, there is no plausible allegation that the PCLG Defendants provided anything more than traditional legal services. Many courts have held that merely providing traditional legal services does not constitute participation in the operation or management of an enterprise for purposes of RICO liability. *See, e.g.*, *Kelly v. Palmer, Reifler & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1380-81 (S.D. Fla. 2009

(collecting cases); *see also Design Pallets, Inc. v. Gray Robinson, P.A.*, No. 6:07-CV-655-Orl-31KRS, 2008 U.S. Dist. LEXIS 59890, at *15-17 (M.D. Fla. 2008) (stating that even if an attorney's conduct falls below the standard of care, such conduct does not amount to a RICO violation).  The PCLG Defendants did nothing more here and the RICO claims should be dismissed.

## IV.    Conclusion

Plaintiffs have not and cannot allege a viable cause of action against either Mr. Kowan or PCLG.  Their vague and conclusory shotgun pleading can never satisfy their burden.  For the foregoing reasons, Mr. Kowan and PCLG respectfully request the Court dismiss Plaintiffs' Second Amended Complaint with prejudice and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of April, 2021.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street, Suite 4000
Atlanta, GA  30308-3243
(404) 614-7400 *(phone)*
(404) 614-7500 *(fax)*
cmast@hpylaw.com
jwieseman@hpylaw.com

*/s/ Christine L. Mast*
Christine L. Mast
Georgia Bar No. 461349
Joseph H. Wieseman
Georgia Bar No. 558182
*Counsel for Defendants Aaron Kowan and The Private Client Law Group*

## <u>RULE 7.1.D. CERTIFICATE</u>

The undersigned counsel certifies that this document has been prepared with

Times New Roman 14-point font in accordance with Local Rule 5.1.C.

Respectfully submitted this 5th day of April, 2021.

**HAWKINS PARNELL & YOUNG, LLP**

*/s/ Christine L. Mast*
Christine L. Mast
Georgia Bar No. 461349
Joseph H. Wieseman
Georgia Bar No. 558182
*Counsel for Defendants Aaron Kowan and The Private Client Law Group*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing **AARON KOWAN AND THE PRIVATE CLIENT LAW GROUP'S SEPARATE MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** with the Clerk of Court via the Court's CM/ECF electronic filing system which will send e-mail notification of and a link to such filing to all counsel of record.

Dated this 5th day of April, 2021.

**HAWKINS PARNELL & YOUNG, LLP**

303 Peachtree Street, Suite 4000
Atlanta, GA  30308-3243
(404) 614-7400 *(phone)*
(404) 614-7500 *(fax)*
cmast@hpylaw.com
jwieseman@hpylaw.com

*/s/ Christine L. Mast*
Christine L. Mast
Georgia Bar No. 461349
Joseph H. Wieseman
Georgia Bar No. 558182
*Counsel for Defendants Aaron Kowan and The Private Client Law Group*