# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM N. TURK, CARLITA B. TURK, and NORMAN RADOW, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> MORRIS, MANNING & MARTIN, LLP, et al, <br><br> *Defendants*. | CASE NO. 1:20-CV-02815-AT |

## PLAINTIFFS' MOTION TO STRIKE, EXCLUDE OR DISREGARD EXTRINSIC EVIDENCE

David R. Deary (*pro hac vice*)
W. Ralph Canada, Jr. (*pro hac vice*)
Jeven R. Sloan (GA Bar No. 652727)
Wilson E. Wray (*pro hac vice*)
John W. McKenzie (*pro hac vice*)
Donna Lee (*pro hac vice*)
Tyler M. Simpson (*pro hac vice*)
**LOEWINSOHN DEARY SIMON RAY LLP**
12377 Merit Drive, Suite 900
Dallas, Texas 75251
(214) 572-1700 Telephone
(214) 572-1717 Facsimile
davidd@ldsrlaw.com
ralphc@ldsrlaw.com
jevens@ldsrlaw.com
wilsonw@ldsrlaw.com
johnm@ldsrlaw.com
donnal@ldsrlaw.com
tylers@ldsrlaw.com

Edward J. Rappaport
(GA Bar No. 594841)
**THE SAYLOR LAW FIRM LLP**
1201 W. Peachtree Street
Suite 3220
Atlanta, GA 30309
(404) 892-4400 Telephone
erappaport@saylorlaw.com

*ATTORNEYS FOR PLAINTIFFS*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

I. INTRODUCTION ........................................................................................1

II. APPLICABLE LEGAL PRINCIPLES ........................................................2

III. ARGUMENT ................................................................................................3

    A. The Exhibits Offered by Defendants......................................................3

    B. This Court Should Not Take Judicial Notice of Any of the Exhibits Offered by Defendants ............................................................6

    C. The Exhibits Offered by Defendants Are "Not Central" to the Allegations of the Complaint, and Some Are Not Authenticated, and They Should Thus be Excluded or Disregarded ..............................................................................................6

    D. Virtually All of the Extrinsic Evidence is Offered to Support Affirmative Defenses and Should Not be Considered at this Juncture..................................................................................................8

IV. CONCLUSION...........................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Polymer Tech. Corp. v. Textile Mgmt. Assocs., Inc.*,
    2009 WL 10666310 (N.D. Ga. Oct. 5, 2009) ........................................................8

*B.V. Optische Industrie De Oude Delft v. Hologic, Inc*.,
    909 F. Supp. 162 (S.D.N.Y. 1995) ......................................................................3

*Botero v. South Florida Pain & Rehabilitation Center Corp., Inc*.,
    2012 WL 3614329 (S.D. Fla. Aug. 21, 2012) ...............................................3, 7, 8

*Cervantes v. Invesco Holding Co. (US), Inc*.,
    2019 WL 5067202 (N.D. Ga. Sept. 25, 2019)..................................................7, 9

*Cheatham v. JPMorgan Chase Bank, N.A.*,
    No. 2:19-CV-743-ALB, 2020 WL 1015760 (M.D. Ala. Mar. 2,
    2020) ....................................................................................................................3

*Cmty. Firstbank of Charleston v. Fed. Deposit Ins. Corp. for Silverton
    Bank, N.A.*,
    No. 1:11-C-2486-AT, 2012 WL 13009097 (N.D. Ga. June 18,
    2012) .................................................................................................................3, 8

*Day v. Taylor*,
    400 F.3d 1272 (11th Cir. 2005) ...........................................................................3

*Farmer v. Liberty Mut. Fire Ins. Co.*,
    No. 06-61477-CIV, 2006 WL 8432540 (S.D. Fla. Dec. 22, 2006) .....................7

*Halmos v. Bomardier Aerospace Corp.*,
    404 F., App's 376, 377 (11th Cir. 2010) .............................................................2

*Hill for Credit Nation Capital, LLC v. Duscio*,
    292 F. Supp. 3d 1370 (N.D. Ga. 2018).............................................................10

*Hill v. White*,
    321 F.3d 1334 (11th Cir. 2003) ...........................................................................2

*Knapp Shoes, Inc. v. Sylvania Shoe Manuf., Corp.*,
   15 F.3d 1222 (1st Cir.1994) ..................................................................................8

*Kocsis v. Fla. State Univ. Bd. of Trustees*,
   2017 WL 3946263 (N.D. Fla. Aug. 10, 2017) ................................................ 7, 8

*Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*,
   67 F.3d 20 (2d Cir.1995) ......................................................................................8

*Luongo v. Vill. Supermarket, Inc.*,
   261 F. Supp. 3d 520 (D.N.J. 2017) ......................................................................9

*U.S. ex rel. Osheroff v. Humana, Inc.*,
   776 F.3d 805 (11th Cir. 2015) ..............................................................................6

*Powell v. Gorham*,
   2013 WL 3151632 (N.D. Ala. June 14, 2013) .....................................................7

*Roberts v. Carnival Corp.*,
   2020 WL 4931653 (11th Cir. Aug. 24, 2020) ......................................................9

*Schaffer v. Timberland Co.*,
   924 F. Supp. 1298 (D.N.H. 1996) ......................................................................10

*Shahar v. Bowers*,
   120 F.3d 211, 214 (11th Cir. 1997) ......................................................................6

*State Farm Mut. Auto. Ins. Co. v. Proactive Spine & Relief Ctr., Inc.*,
   2020 WL 5951333 (N.D. Ga. Sept. 30, 2020) ......................................................2

*Youssef v. Halcrow, Inc.*,
   2011 WL 2693527 (S.D.N.Y. Jun, 30, 2011) .......................................................9

## Other Authorities

5C Charles A. Wright & Arthur R. Miller, *Federal Practice &
   Procedure* § 1366 (3d ed. 2016) ...........................................................................9

Fed.R.Evid. 201(b) .......................................................................................................6

FRCP 8(c)(1) ................................................................................................................8

FRCP 12(d) ...................................................................................................................2

Rule 5.1(C) ............................................................................................................. 12

Rule 12 ................................................................................................................... 10

Rule 12(b)(6) ................................................................................................. *passim*

Rule 56 ..................................................................................................................... 3

Plaintiffs William Turk, Carlita B. Turk, and Norman Radow, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), file this Motion to Strike, Exclude or Disregard certain "evidence" offered by the Defendants[1] in connection with their Motions to Dismiss.[2] In support of this request, Plaintiffs state the following:

# I.
# INTRODUCTION

Plaintiffs filed their original Complaint against the Defendants on July 3, 2020. Subsequently, on February 24, 2021, Plaintiffs filed a Second Amended Complaint ("SAC"), to which the Defendants' Motions to Dismiss are directed. The SAC has *no* exhibits attached to it. Nonetheless, the Defendants offer various documents in support of their Motions to Dismiss. To the extent an explanation is offered as to why these documents can be considered at this stage of the proceedings,

---

[1] The Defendants are Morris, Manning & Martin, LLP; Timothy Pollock; Large & Gilbert, Inc.; Conservation Pays, LLC; Joseph C. Skalski; Atlantic Coast Conservancy, Inc.; Atlantic Coast Conservancy Properties, LLC; Environmental Research and Mapping Facility, LLC; Robert D. Keller; Bennett Thrasher, LLC; Ornstein-Schuler Investments LLC; Ornstein-Schuler Capital Partners LLC; Weibel & Associates, Inc.; Clay Weibel; Lucus Mason, Inc.; Lucus Von Esh; Blethen Mine Consultants, LLC; Marvin Blethen; Donald R. Sklar; Partnership Tax Solutions, Inc.; Aaron Kowan; and The Private Client Law Group.

[2] Each of the Defendants has moved under Rule 12(b)(6) to dismiss all of the claims against them via individual briefs and one joint brief; these motions will be collectively referred to herein as the "Defendants' Motions to Dismiss."

1

Defendants wrongly claim the documents are "central" to Plaintiffs' allegations in their SAC.

The documents offered by the Defendants violate Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). With but a few exceptions, the Court may only consider the "four corners of the Complaint" on a motion to dismiss. Thus, for the reasons discussed herein, Plaintiffs respectfully request that this Court strike, exclude or disregard Defendants' exhibits and other purported "evidence" discussed herein.

## II.
## APPLICABLE LEGAL PRINCIPLES

It is well-established that "[i]n ruling on a motion to dismiss, the court must accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff." *State Farm Mut. Auto. Ins. Co. v. Proactive Spine & Relief Ctr., Inc.*, 2020 WL 5951333, at *2 (N.D. Ga. Sept. 30, 2020) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). Thus, a 12(b)(6) motion to dismiss record is generally limited to "the complaint, attachments to the complaint, and matters of public record." *Halmos v. Bomardier Aerospace Corp.*, 404 F.. App'x 376, 377 (11th Cir. 2010). Without converting the motion to a motion for summary judgment pursuant to FRCP 12(d), the Court can consider certain extrinsic materials

> **if** (1) the documents are referred to in the complaint; (2) the evidence is central to the plaintiff's claim; and (2) [sic] the evidence's authenticity is not in question. ... A court may also take judicial notice of publicly

2

filed documents at the motion to dismiss stage without converting a Rule 12(b)(6) motion to a Rule 56 motion.

*Cmty. Firstbank of Charleston v. Fed. Deposit Ins. Corp. for Silverton Bank, N.A.*, No. 1:11-C-2486-AT, 2012 WL 13009097, at *2 (N.D. Ga. June 18, 2012) (emphasis added) (citations omitted). As to what is considered "central":

> **To be adequately central, an extrinsic document must be part of the reason a plaintiff believes he was wronged. The document must be a "necessary part of [the] effort to make out a claim."** *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). … *Botero v. South Florida Pain & Rehabilitation Center Corp., Inc*., 2012 WL 3614329, at *3 (S.D. Fla. Aug. 21, 2012) (holding that **Courts ought to consider whether the claims depend on the documents**).

*Cheatham v. JPMorgan Chase Bank, N.A.*, No. 2:19-CV-743-ALB, 2020 WL 1015760, at *2 (M.D. Ala. Mar. 2, 2020) (emphasis added); *see also B.V. Optische Industrie De Oude Delft v. Hologic, Inc.,* 909 F. Supp. 162, 167 (S.D.N.Y. 1995) ("a clear and definite reference to extraneous submissions not attached to the complaint is necessary").

### III.
### ARGUMENT[3]

**A.    The Exhibits Offered by Defendants**

Defendants have offered the following documents in connection with their Joint and Individual Motions to Dismiss:

---

[3] Except as indicated, Plaintiffs use the capitalized terms defined in the SAC.

1. Attached to the Defendants' Motion to Dismiss [Doc. 223] (*i.e.*, "Defendants' Joint Brief"), Defendants, without any affidavit to "prove them up" (or other explanation or discussion as to the authenticity or admissibility of the documents), attach four groups of what they refer to as the Promotional Materials and four Investor Agreements. In addition to the other bases discussed hereafter, these documents also should not be considered (either in connection with that Joint Brief or in connection with any of the Defendants' individual motions to dismiss) because:

    a. The promotional materials are not signed by Plaintiffs and thus, according to Defendants' own case law, cannot form a valid disclaimer (*see* Defendants' Joint Brief at 23 ("a written document *signed by the plaintiff*.") (emphasis added)).

    b. Defendants themselves are not parties to the Investor Agreements and thus cannot rely on any disclaimers they might contain. See Plaintiffs' Consolidated Response at § II.C.1.

2. Defendant Skalski attaches (or in one case, purports to attach) two exhibits—an article on CEs[4] and, allegedly, excerpts from his own

---

[4] This is allegedly offered to show the (unremarkable) proposition that many conservation easements have historically been accepted by courts.

K-1s[5]—also without any explanation or discussion as to their authenticity or admissibility.

3. The ACC Defendants' Motion to Dismiss includes the Declaration of Defendant Robert Keller ("Keller Declaration") [Doc. 243], which attaches thirteen exhibits, including CE deeds, BDRs, IRS forms, and ACC letters accepting and acknowledging CE and stewardship donations.

4. The MMM Defendants' Motion to Dismiss relies on the Declaration of attorney Jeffey K. Douglass [Doc. 139-2] which attaches three exhibits, including one Investor Agreement and two groups of alleged Promotional Materials. In addition to the other bases discussed hereafter, these documents also should not be considered because:

   a. The promotional materials are not signed by Plaintiffs.

   b. Defendants themselves are not parties to the Investor Agreements and thus cannot rely on any disclaimers they might contain.

---

[5] These are allegedly offered to show the extent of Skalski's interest in Large & Gilbert, but as far as Plaintiffs can ascertain, such documents were not actually attached to the Skalski Motion to Dismiss.

## B.  This Court Should Not Take Judicial Notice of Any of the Exhibits Offered by Defendants

Although the Court can take judicial notice that a document exists or that a fact was reported, that does not also make the underlying facts (or statements in a document) admissible as true.  In *Shahar v. Bowers*, the Eleventh Circuit explained the limits on what can be judicially noticed:

> **judicial notice** of facts **is**, as a matter of evidence law, **a highly limited process**. … Courts can take notice of certain facts without formal proof but only where **the fact in question is "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination** by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).

120 F.3d 211, 214 (11th Cir. 1997) (emphasis added).  Courts have also noted that they "may take judicial notice of documents such as the newspaper articles at issue here for the limited purpose of determining which statements the documents contain (but not for determining the truth of those statements)."  *U.S. ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015).  None of the documents offered by Defendants (identified above) satisfy these tests; thus, they may not be considered under this doctrine.

## C.  The Exhibits Offered by Defendants Are "Not Central" to the Allegations of the Complaint, and Some Are Not Authenticated, and They Should Thus be Excluded or Disregarded

To be considered on the Defendants' Motions to Dismiss, an extrinsic matter that is not attached to the Complaint (and here there is none) must be central to the

6

allegations of the Complaint, *i.e.*, "documents on which Plaintiff relied in bringing this action." *Cervantes v. Invesco Holding Co. (US), Inc.*, 2019 WL 5067202, at *11 (N.D. Ga. Sept. 25, 2019); *see also Farmer v. Liberty Mut. Fire Ins. Co.*, No. 06-61477-CIV, 2006 WL 8432540, at *2 (S.D. Fla. Dec. 22, 2006) ("limited reference to a document in a complaint does not necessarily permit its introduction in support of a motion to dismiss").

It is not enough that documents are evidentiary and supportive of Plaintiffs' claims, it must be said that "the claims depend on the documents." *Botero v. South Florida Pain & Rehabilitation Center Corp., Inc.*, 2012 WL 3614329, at *3 (S.D. Fla. Aug. 21, 2012) (holding that Courts ought to consider whether the claims depend on the documents); *see also Kocsis v. Fla. State Univ. Bd. of Trustees*, 2017 WL 3946263, at *1 (N.D. Fla. Aug. 10, 2017), report and recommendation adopted, 2017 WL 3944287 (N.D. Fla. Sept. 7, 2017) (distinguishing between what is "central" and what is "supportive" and reserving consideration of the latter for the summary judgment stage); *Powell v. Gorham*, 2013 WL 3151632, at *2 (N.D. Ala. June 14, 2013) ("It was not enough that Plaintiffs merely 'referenced' prior lawsuits in their complaint and brief in support of their complaint, because it cannot be said that these prior lawsuits are 'central to the plaintiff's claim.'").

As discussed in Section III.A. above, the Defendants offer a number of documents in connection with their Joint Motion to Dismiss and their Individual

Motions to Dismiss. Some of these (such as the ACC "acceptance" letters and the Skalski exhibits) are neither "referred to in the complaint; [nor] central to the plaintiff's claim." *Cmty. Firstbank of Charleston,* 2012 WL 13009097, at *2. In addition, it cannot be said that Plaintiffs' claims depend on any of these documents. *Botero,* 2012 WL 3614329, at *3 (Courts ought to consider whether the claims depend on the documents); *Kocsis,* 2017 WL 3946263, at *1 (distinguishing between what is "central" and what is "supportive"). Further, in the case of the Skalski exhibits discussed in Section III.A. above, the provenance of the materials is unknown; the same is true of the Promotional Materials, for the reason that the parties do not necessarily agree on that makes up those Materials. Thus, one cannot say that "the evidence's authenticity is not in question." *Id*. On these bases, Plaintiffs respectfully also request that the Court strike or disregard these exhibits.

D. **Virtually All of the Extrinsic Evidence is Offered to Support Affirmative Defenses and Should Not be Considered at this Juncture**

Finally, even if otherwise properly considered, almost all of the documents offered by Defendants are offered in order to try and bolster their as yet unpled affirmative defense of contractual disclaimer.[6] Specifically, the Defendants seek to

---

[6] Though not contained in the "laundry list" of FRCP 8(c)(1), a defense of disclaimer is an affirmative defense. *See, e.g.*, *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.,* 67 F.3d 20, 23 (2d Cir.1995); *Knapp Shoes, Inc. v. Sylvania Shoe Manuf., Corp.,* 15 F.3d 1222, 1223 (1st Cir.1994); *Advanced Polymer Tech. Corp. v. Textile Mgmt. Assocs., Inc.*, 2009 WL 10666310, at *25 (N.D. Ga. Oct. 5, 2009) ("a

use the Investor Agreements and the alleged Promotional Materials mentioned in the SAC to argue that one or more of Plaintiffs' claims are barred by alleged disclaimers contained therein.

However, affirmative defenses are not normally taken up on 12(b)(6) motions. *Roberts v. Carnival Corp.*, 2020 WL 4931653, at *2 (11th Cir. Aug. 24, 2020) ("dismissal for failure to state a claim on contractual-limitations grounds was not appropriate because it is not 'apparent from the face of the complaint that the claim is time-barred.'"); *Cervantes,* 2019 WL 5067202, at *10 ("a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal"); *Luongo v. Vill. Supermarket, Inc.*, 261 F. Supp. 3d 520, 528 (D.N.J. 2017) ("In a very clear case, [an affirmative defense] may provide the basis for a Rule 12(b)(6) dismissal. But the wisdom of the usual approach—decision of statute of limitations issues on a motion for summary judgment—is apparent here."); *see Youssef v. Halcrow, Inc.,* 2011 WL 2693527, at *1 (S.D.N.Y. Jun, 30, 2011) ("a statute of limitations defense based on extrinsic evidence is 'of dubious propriety on motion to dismiss.'").

Indeed, this Court has discretion[7] to not consider evidence that requires conversion to a motion for summary judgment and Plaintiffs respectfully request

---

warranty disclaimer defense ordinarily is an affirmative defense for which the merchant would bear the burden of proof") (citing numerous supporting cases).

[7] 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1366 (3d ed. 2016) ("[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in

that it not do so. *See, e.g.*, *ill for Credit Nation Capital, LLC v. Duscio*, 292 F. Supp. 3d 1370, 1374 (N.D. Ga. 2018) ("Given the limited factual record here, the Court disregards the attached exhibits and 'facts' in Duscio's Motion to Dismiss that were not alleged in the Complaint rather than convert Defendant's motion to dismiss into a motion for summary judgment."); *Schaffer v. Timberland Co.,* 924 F. Supp. 1298, 1306 (D.N.H. 1996) ("In this case the court favors the limited inquiry usually undertaken under Rule 12. The proposed consideration of extraneous documents on a motion to dismiss would bypass the Rule 12 scrutiny of the pleadings and, instead, would accelerate this litigation to the broader evidentiary inquiry reserved for summary judgment or, in the event of a factual dispute, trial on the merits. The court, in the exercise of its discretion, will not consider extraneous materials when ruling on the defendants' motion.").

## IV.
## CONCLUSION

The Court should strike those documents offered by Defendants and discussed herein for the reasons set forth and should exclude or disregard them in consideration of Defendants' Motions to Dismiss.

Date: May 19, 2021.

---

conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.")).

10

Respectfully submitted,

/s/ *Jeven R. Sloan*
David R. Deary (*pro hac vice*)
W. Ralph Canada, Jr. (*pro hac vice*)
Jeven R. Sloan (GA Bar No. 652727)
Wilson E. Wray (*pro hac vice*)
John W. McKenzie (*pro hac vice*)
Donna Lee (*pro hac vice*)
Tyler M. Simpson (*pro hac vice*)
**LOEWINSOHN DEARY SIMON RAY LLP**
12377 Merit Drive, Suite 900
Dallas, Texas 75251
(214) 572-1700 Telephone
(214) 572-1717 Facsimile
davidd@ldsrlaw.com
ralphc@ldsrlaw.com
jevens@ldsrlaw.com
wilsonw@ldsrlaw.com
johnm@ldsrlaw.com
donnal@ldsrlaw.com
tylers@ldsrlaw.com

Edward J. Rappaport (GA Bar No. 594841)
**THE SAYLOR LAW FIRM LLP**
1201 W. Peachtree Street, Suite 3220
Atlanta, GA 30309
(404) 892-4400 Telephone
erappaport@saylorlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), specifically, Times New Roman, 14 point.

This 19th day of May, 2021.

*/s/ Jeven R. Sloan*
Jeven R. Sloan

## **CERTIFICATE OF CONFERENCE**

I, the undersigned, certify that I conferred via electronic email with counsel for all Defendants who have appeared herein (by sending them a draft of this Motion and requesting that they advise me of their position and that if they did not do so, I would presume they oppose) and all such Defendants either oppose the relief requested herein or did not respond and thus are presumed to oppose; accordingly, this matter is submitted to the Court for its determination.

*/s/ Jeven R. Sloan*
Jeven R. Sloan

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 19, 2021, a true and correct copy of the foregoing document was filed with the Clerk of the Court by using the CM/ECF system.

                                      */s/ Jeven R. Sloan*
                                      Jeven R. Sloan