# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM N. TURK, CARLITA B. TURK, and NORMAN RADOW, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MORRIS, MANNING & MARTIN, LLP; et al.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 1:20-CV-02815-AT |

## MOTION OF DEFENDANTS WEIBEL & ASSOCIATES, INC. AND CLAY WEIBEL TO STAY PROCEEDINGS PENDING OUTCOME OF CRIMINAL CASE AND SUPPORTING MEMORANDUM OF LAW

Defendants Weibel & Associates, Inc. and Clay Weibel (together, the "Weibel Defendants") respectfully move the Court to stay the proceedings in this case pending the outcome of a criminal case against Mr. Weibel, the owner of Weibel & Associates. The criminal case and this civil case allege similar misconduct by the Weibel Defendants and absent a stay of these proceedings Mr. Weibel's Fifth Amendment constitutional rights may be jeopardized if he is forced to defend himself in this action during the pendency of the criminal case. In support of this Motion, the Weibel Defendants state the following:

## PROCEDURAL HISTORY

Plaintiffs first filed this case on July 3, 2020 and filed the operative complaint – their Second Amended Complaint (the "SAC") – on February 24, 2021. All Defendants moved to dismiss the claims against them and briefing on the motions was complete on June 29, 2021

On February 24, 2022, during the pendency of Defendants' Motions to Dismiss in this case, Mr. Weibel was charged by the United States Department of Justice in an indictment filed in the District Court for the Northern District of Georgia. A true and correct copy of the full indictment (the "Indictment") is filed herewith as **Exhibit A**. Mr. Weibel was the only Defendant in this case charged in the indictment, which names him and six other defendants in a total of 135 counts – though Mr. Weibel is named in only 14 of those 135 counts. Count One of the indictment charges Mr. Weibel with conspiring with all other six co-defendants to defraud the United States in violation of 18 U.S.C. § 371. Count Two of the indictment charges Mr. Weibel with conspiring with four of the co-defendants to commit wire fraud in violation of 18 U.S.C. § 1349. And Counts Fifty-Two through Sixty-Three of the indictment charge Mr. Weibel of, by himself, willfully aiding and assisting the filing of false tax returns in violation of 26 U.S.C. § 7206(2). Mr. Weibel was arraigned on March 9, 2022, and entered a plea of not guilty to all 14

counts against him.[1]  Mr. Weibel's criminal case is not currently set for trial but he has invoked his right to a speedy trial by filing a Motion to Sever Trial.  *See* Defendant Clay Weibel's Motion to Sever Trial (With Supporting Memorandum of Law) (the "Sever Motion" or "Mot. Sever at __") a copy of which is filed herewith as **Exhibit B**, Cr. Docket No. 97.  In his Sever Motion, Mr. Weibel moves under Rule 14 of the Federal Rules of Criminal Procedure to sever his trial from the trial of his co-defendants, arguing that a joint trial would force a lengthy delay and deny Mr. Weibel his Sixth Amendment Right of speedy trial.  *See* Mot. Sever at 14.  The Sever Motion is now fully briefed and awaits ruling by the Court.

In an apparent effort to influence this Court's rulings on Defendants' pending Motions to Dismiss, Plaintiffs on March 3, 2022 filed their Notice of Criminal Indictment of Defendant Clay Weibel In Support of its Responses to Motion to Dismiss (ECF 288) ("Notice of Indictment").  In that Motion, Plaintiffs concede that "the Indictment details transactions that involve a different set of tax shelter organizers and promoters than here" but argue that the Court should consider the Indictment in its analysis of the pending Motions to Dismiss because it "**involves similar [Syndicated Conservation Easement] Strategy transactions and makes**

---

[1] *See U.S.A. v. Lewis*, et al., 1:21-cr-00231-TCB-CMS at Docket No. 69 (hereinafter "Cr. Docket No. __").

**many of the same allegations against Weibel** as in" the Second Amended Complaint. *Id.* at 2 (emphasis added).

The Court took no action on Plaintiffs' Notice of Indictment but on March 24, 2022 the Court dismissed all claims against the Weibel Defendants except Counts III and IV of the Second Amended Complaint, which purport to state claims against the Weibel Defendants, and others, under the Georgia RICO Statute. *See* March 24, 2022 Order at 90. The parties are currently negotiating a discovery schedule and expect to address the issue at the upcoming status conference scheduled for April 26, 2022.

## ARGUMENT

The Weibel Defendants respectfully request that the Court stay this case pending the outcome of the criminal indictment against Mr. Weibel because allowing both matters to proceed simultaneously will force Mr. Weibel to choose between his Fifth Amendment right against self-incrimination and his ability to mount an effective defense in these civil proceedings.

A "District Court has broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A stay is not automatically required when there is a similar criminal case. However, when there are "special circumstances" a stay is appropriate. *United States v. Lot 5,*

*Fox Grove, Alacua County, Fla.*, 23 F.3d 359 364 (11th Cir. 1994).  To determine when there are special circumstances that would justify a stay of the civil proceedings, courts balance the interests of the parties, the courts, and the public. Particular factors that have been identified by the courts include:

> (1) The extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*S.W. v. Clayton County Public Schools*, 185 F.Supp. 3d 1366, 1371-72 (N.D. Ga. 2016); *see also Microfinancial Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 78 (1st Cir. 2004).

"[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offence is required to defend a civil or administrative action involving the same matter." *Securities and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980).  The extent of the overlap between the civil and criminal cases has been described as the most important factor in determining whether a court should grant a stay. *Dominguez v. Hartford Fin. Servs.*, 530 F. Supp.2d 902, 906-907 (S.D. Tex. 2008).

### A. Overlap Between the Civil and Criminal Cases Justifies a Stay of the Civil Proceeding.

Here, Mr. Weibel has pleaded not guilty to the charges against him and the Weibel Defendants maintain the allegations in the criminal case should not infect the civil proceedings here, especially since, as Plaintiffs themselves concede, the Indictment does not involve any of the transactions at issue in the civil case. *See* Notice of Indictment at 2. But there is still significant overlap between the criminal and civil cases. In fact, Plaintiffs themselves argue in their Notice of Indictment that the two cases involve "many of the same allegations against Weibel." *Id.* Plaintiffs claim that both the Indictment and the SAC allege Weibel "was hired to provide inflated appraisals that were needed to deliver the tax benefits promised to participants." *Id.* at 2-3. More specifically, Plaintiffs argue:

> Like Plaintiffs in the SAC, the Indictment alleges that "the final tax deduction ratio based on the final 'appraisal' generated by … WEIBEL nearly always matched the tax deduction ratio the conspirators used to market the Tax Shelters." Indictment at 16 (¶46(b)); *accord, e.g.,* SAC ¶¶ 164-65. And just as the SAC alleges that the organizers of the SCE Strategy transactions "worked closely" with the Weibel Defendants to ensure the appraisals supported the economics of transactions (SAC ¶ 114), the Indictment alleges (based on a recorded conversation) that the promoters and organizers of the tax shelter scheme in the criminal case provided a "road map for the appraisers," even going so far as providing spreadsheets of the desired appraisal amounts (Indictment at 17-19 (¶¶ 48-51).) Finally, like in the SAC, the Indictment details the tricks Weibel used to obscure the inflated nature of his appraisals, including "[i]ntentionally disregarding recent and relevant comparable listings

6

> and recent sales," (Indictment at 18 (¶ 50); *accord, e.g.*, SAC ¶¶ 131-60; 284) and "[i]ntentionally disregarding prior sales of the land or of the Property Company" (*Id.*).

*Id.* at 3.

Based on the foregoing case law and Plaintiffs' own arguments, this most important factor strongly favors a stay of the civil case. In addition to the enormous burden of defending oneself in civil and criminal cases prosecuted by well-resourced plaintiffs' lawyers and the United States Government, respectively, allowing the cases to proceed simultaneously could force Mr. Weibel to choose between his constitutional rights and the Weibel Defendants' ability to effectively defend themselves in this civil action. The need to avoid such a constitutional conundrum is precisely the type of "special circumstance" envisioned by courts in the foregoing cases and justifies a temporary stay of these civil proceedings.

**B.  Lack of Prejudice to Plaintiffs Justifies a Stay of the Civil Proceedings.**

The next factor to consider is the private interest of plaintiffs in proceeding expeditiously weighed against the prejudice of any delay that might be suffered by plaintiffs. The Weibel Defendants respectfully submit that Plaintiffs here will suffer little or no prejudice from the imposition of a temporary stay. As indicated *supra*, Mr. Weibel has moved to sever his case from his co-defendants' cases and has demanded a speedy trial under the Sixth Amendment and the Speedy Trial Act, 18

U.S.C. § 3161, et seq., which requires a criminal defendant's trial to begin within 70 days of the filing of the information or indictment or the date on which the defendant appeared in the district where charges are pending, whichever is later. 18 U.S.C. § 3161(c)(1).  Mr. Weibel was arraigned and appeared in the criminal proceeding on March 9, 2022, Cr. Docket No. 69.  The only matters pending that must be resolved in order for his case to be certified ready for trial are the pending motion to sever and a motion for leave to file a brief in opposition to the United States's objection to his waiver of jury trial.  If Mr. Weibel's motion to sever is granted, a date certain for his trial will be set in short order.  Assuming the criminal court applies binding precedent to the operative facts and reaches the correct result, Mr. Weibel's trial could be underway by the end of the summer.  If that happens, the requested stay would cause hardly a ripple in this case and Plaintiffs would suffer no prejudice whatsoever.

    **C.**    **The Burden on Mr. Weibel From Proceeding Simultaneously in Criminal and Civil Cases Justifies a Stay of the Civil Proceedings.**

Since Mr Weibel is under indictment, the burden on him absent a stay will be substantial.  Without a stay, Mr Weibel's Fifth Amendment privilege against self incrimination could be seriously undermined as he would be would be faced with an impossible choice between actively defending this lawsuit and thereby waiving his Fifth Amendment privilege, or invoking his privilege and having a judgment entered

8

against him in this action. In addition to the grave risk to Mr. Weibel's constitutional rights and personal liberty, he also would face the prospect of defending two *very* substantial litigations at the same time, a daunting task made exponentially worse here by the fact that Mr. Weibel is the primary appraiser at his very small company. Defending two cases while trying to earn a living and support his business and his family is practically impossible and the burden of being forced to try will further impinge on his ability to effectively defend himself against the charges leveled against him.

### D. The Interests of Neither the Public Nor the Courts Militate Against a Stay of the Civil Case.

While the interest of the Court in maintaining its docket and the public in the expeditious resolution of civil actions are both important, neither can outweigh Mr. Weibel's constitutional rights. In practice, though, it is likely that a stay will actually *serve* the interests of the Court and the public. If the Court stays the civil proceedings and allows the criminal case to proceed to verdict, the issues in the civil case – and concomitant discovery – are likely to be narrowed significantly, reducing the burden on the Court and the parties. Similarly, allowing Mr. Weibel to carefully consider the invocation of his constitutional rights without the threat of financial ruin that could result from a forced default in the civil action actually serves the public interest in maintaining the integrity of our Constitution and justice system. Neither the Court

nor the public benefit from the Catch-22 in which Mr. Weibel would find himself if the Court denies a stay; such a Hobbesian choice undermines public faith in the Courts and the integrity of the justice system. By contrast, instituting a stay of appropriate length and breadth could bolster the public's view of the judicial system by affirming in a practical and commonsense way the primacy of individuals' constitutional rights and the power of the courts to protect those rights. Therefore, since no interest of the Court or the public outweighs Mr. Weibel's constitutional right against self-incrimination and the imposition of a stay may actually serve the interests of the courts and the public, this factor also weighs strongly in favor of a stay.

## CONCLUSION

As the foregoing demonstrates, Mr. Weibel's constitutional rights are paramount and can be protected here without materially impinging on the interests of Plaintiffs, the Court or the public. The Weibel Defendants therefore respectfully request that the Court stay these proceedings until the criminal case against Mr. Weibel is resolved. The Weibel Defendants maintain a stay is appropriate regardless of the outcome of Mr. Weibel's Motion to Sever but if the Court is unwilling to grant a stay of indefinite duration, the Weibel Defendants suggest as an alternative that the Court stay these proceedings until the court in the criminal case rules on the Motion

to Sever and Mr. Weibel's request for a speedy trial so that the Court can more accurately assess how long a stay of this case would need to be.

                Respectfully submitted,

                /s/ Carl E. Volz
                Admitted *Pro hac vice*
                Pontem Law LLC
                125 S. Clark Street, 17th Floor
                Chicago, IL 60603
                t (708) 601-0261
                f (708) 294-3004
                carl.volz@pontemlaw.com

                /s/Michael E. Brooks
                Michael E. Brooks
                Georgia Bar No. 084710
                Jill Warner
                Georgia Bar No. 378472
                Brooks & Warner LLC
                1768 Century Boulevard NE, Suite B
                Atlanta, Georgia  30345
                (404) 681-0720 – Brooks Direct
                (404) 681-0730 – Warner Direct
                (404) 681-0780 – Fax
                mbrooks@brooksandwarner.com
                jwarner@brooksandwarner.com

                Attorneys for Weibel & Associates
                 and Clay Weibel

## CERTIFICATE OF RULE 7.1(D) COMPLIANCE

Under Local Rule 7.1(D), I hereby certify that this document complies with the font and point selections set forth in Local Rule 5.1. This document was prepared in Times New Roman 14-point font.

                                    /s/ Carl E. Volz
                                    Carl E. Volz
                                    Admitted *Pro hac vice*
                                    Pontem Law LLC
                                    125 S. Clark Street, 17th Floor
                                    Chicago, IL 60603
                                    t (708) 601-0261
                                    f (708) 294-3004
                                    carl.volz@pontemlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I electronically filed the foregoing MOTION OF DEFENDANTS WEIBEL & ASSOCIATES, INC. AND CLAY WEIBEL TO STAY PROCEEDINGS PENDING OUTCOME OF CRIMINAL CASE AND SUPPORTING MEMORANDUM OF LAW with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this action.

This 22nd day of April, 2022.

|  |  |
|---|---|
| | /s/Michael E. Brooks |
| Brooks & Warner LLC | Michael E. Brooks |
| 1768 Century Boulevard NE, Suite B | Georgia Bar No. 084710 |
| Atlanta, Georgia  30345 | mbrooks@brooksandwarner.com |
| (404) 681-0720 – Brooks Direct | |
| (404) 681-0780 - Fax | Counsel for Weibel & Associates, Inc. and Clay Weibel |