**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WILLIAM N. TURK, CARLITA B. TURK, and NORMAN RADOW, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS, MANNING & MARTIN, LLP, et al., <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No. 1:20-CV-2815-AT ) ) ) **JURY DEMAND** ) ) ) ) ) |

**DEFENDANTS' JOINT MOTION TO DISMISS
PLAINTIFFS' THIRD AMENDED COMPLAINT**

Despite new allegations in their Third Amended Complaint, Plaintiffs cannot overcome this Court's prior ruling that the vast majority of their claims are time-barred. The Third Amended Complaint is identical to the previously dismissed Second Amended Complaint, save for 24 additional paragraphs. Critically, the new allegations pertain to only two sets of Defendants, the OSI and MMM Defendants.[1] Because the Plaintiffs have not raised any new allegations as to Remaining Defendants,[2] there is no reason for the Court to re-examine its prior dismissal order as to each of these defendants. (*See* Doc. 290). Accordingly, the Remaining Defendants respectfully suggest that the Court reissue its prior dismissal order as to all of the Remaining Defendants, noting that the new allegations are not directed at

---

[1] Three of the new allegations use the term "Defendants" rather than specifically refer to the MMM or OSI Defendants. (Doc. 294-2 ¶¶ 379, 389, 392). However, the lead-in paragraph to the new allegations (*id.* ¶ 372) as well as the remaining new paragraphs make clear that the new allegations are solely targeted at the MMM and OSI Defendants. In any event, group pleading is impermissible, but particularly in the context of a plaintiff trying to reinstate a complaint after dismissal. *See Targus Int'l Co. v. Storm Catcher, Inc.*, No. 06-80303-CIV, 2006 WL 8433390, at *6 (S.D. Fla. July 31, 2006) (criticizing an amended complaint that continued to group defendants as to claims).

[2] The remaining defendants consist of the following: the Weibel Defendants, the L&G Defendants, the Sklar Defendants the PCLG Defendants, the ACC Defendants, the Blethen Defendants, Environmental Research and Mapping Facility, LLC and Bennett Thrasher, LLC (collectively, the "Remaining Defendants"). The Lucus Defendants were voluntarily dismissed by the Plaintiffs. (Doc. 353).

them.[3]

As to the OSI and MMM Defendants, the new allegations confirm Plaintiffs failed to exercise the basic due diligence required to bring claims within the applicable limitation periods, especially in light of the extensive disclaimers that Plaintiffs received before investing and the investment documents they signed when entering these transactions. Therefore, the Court should grant Defendants' Joint Motion to Dismiss the Third Amended Complaint as time-barred.

## BACKGROUND

Plaintiffs present three categories of new allegations in the Third Amended Complaint: (1) alleged representations that Plaintiffs relied upon when executing the membership documents (3d Am. Compl. ¶¶ 373–378), (2) alleged representations made years later (*id.* ¶¶ 379–388), and (3) allegations attempting to establish Defendants as Plaintiffs' "tax advisors" (*id.* ¶¶ 389–395).

In the first category, Plaintiffs allege four communications they allegedly relied upon, made either immediately before or, in some cases, soon after they signed the investment documents. Of course, as this Court noted, in the investment

---

[3] If for any reason the Court reconsiders its prior dismissal order, the Defendants incorporate by reference the arguments presented jointly regarding dismissal of the Second Amended Complaint and individually on behalf of each set of Defendants with respect to the Third Amended Complaint. (*See* Doc. 223-1; Docs. 228–34, Docs. 236–40; Doc. 242–44; Docs. 248–49).

documents, Plaintiffs denied reliance on such statements and affirmatively represented they had performed their own due diligence.

Second, Plaintiffs allege that the Defendants made statements that "fraudulently delayed and deterred" them from bringing claims. These allegations refer to communications from the OSI Defendants regarding IRS conservation easement regulations—which have since been invalidated—and commenting on news articles relating to the same. (*Id.* ¶¶ 380–384). Plaintiffs also point to communications timely notifying them of IRS audits and truthfully stating that the OSI Defendants would defend investors against the IRS. (*Id.* ¶¶ 383, 385–387). Third, Plaintiffs assert that certain Defendants acted as the Plaintiffs' tax advisors—presumably to argue that they had a fiduciary relationship with Defendants, although Plaintiffs' own allegations belie the existence of any such relationship. (*See id.* ¶¶ 389–395). None of these new allegations alter this Court's prior ruling.

## ARGUMENT & CITATION TO AUTHORITY

Plaintiffs' allegations wholly fail to meet either the Georgia or federal standard for tolling. Under federal law, "[f]or fraudulent concealment to toll the statute of limitations," a plaintiff must show that "fraudulent means" were used to conceal a cause of action. *Fedance v. Harris*, 1 F.4th 1278, 1285 (11th Cir. 2021) (quotations omitted). In this regard, a plaintiff must show that the defendant actively

3

concealed *facts*, such that the plaintiff remained unaware of the potential claim. *Id.* Similarly, under Georgia law, to establish fraudulent concealment, a plaintiff must show that "(1) the defendant committed actual fraud involving moral turpitude, (2) the fraud concealed the cause of action from the plaintiff, and (3) the plaintiff exercised reasonable diligence to discover his cause of action." *Smith v. Suntrust Bank*, 325 Ga. App. 531, 538 (2014) (citation and quotation marks omitted).[4] Notably, the presence of *any fact* that should raise a red flag to a reasonable plaintiff is sufficient to foreclose tolling. *See Cochran Mill Assocs. v. Stephens*, 286 Ga. App. 241, 246 (2007).

### i. *Plaintiffs' Pre-Investment Allegations (¶¶ 373–378)*

As an initial matter, Plaintiffs' new allegations of pre-investment statements stand in stark contrast to the clear disclosures in their signed Investor Agreements. (*See* Doc. 223-2 to 223-9). Plaintiffs' most recent allegations were crafted to track the allegations in *Lechter*. However, these allegations fail to address the "clear and unequivocal" disclaimers provided to the Plaintiffs. (Doc. 290 at 45). "Under

---

[4] Plaintiffs bear the burden under state and federal law to show a sufficient basis for tolling. *See Miller v. Kitchens*, 251 Ga. App. 225, 227 (2001); *Hill v. Texaco, Inc.*, 825 F.2d 333, 335 (11th Cir. 1987) ("As a general rule, a plaintiff relying on the doctrine of fraudulent concealment must show affirmative actions by the defendant constituting concealment."). Moreover, Georgia law does not recognize equitable tolling as a substitute for failing to establish fraudulent concealment. *See Stubbs v. Hall*, 308 Ga. 354, 369–70 (2020).

Georgia law, the mere presence of a disclaimer, regardless of whether or not the plaintiff saw it, can render reliance unreasonable." *Middleton v. Int'l Bus. Machines Corp.*, 787 F. App'x 619, 622–23 (11th Cir. 2019) (alterations and quotation marks omitted); *see Hartsfield v. Union City Chrysler-Plymouth*, 218 Ga. App. 873, 876 (1995) (affirming dismissal based on the presence of an explicit disclaimer). "In fact, the only type of fraud that can relieve a party of his obligation to read a written contract and be bound by its terms is a fraud that prevents the party from reading the contract." *Novare Grp., Inc. v. Sarif*, 290 Ga. 186, 189 (2011).

Here, Plaintiffs were explicitly warned—both at the time of their investment and beforehand—about the risks inherent in conservation easement transactions, and Plaintiffs also confirmed that they had sought and received their own independent advice. (*See, e.g.*, Doc. 223-5 at 4–5). Under well-established Georgia law, the Court cannot ignore these disclosures, as they supersede *any* representations made by the Defendants prior to the Plaintiffs' investments, and additionally, they presented more-than-sufficient "storm warnings" that triggered Plaintiffs' "'duty to inquire' by the time they signed their investor agreements." (Doc. 290 at 42 (citing *Youngblood-West v. Aflac Inc.*, No. 4:18-cv-83, 2018 WL 10562576, at *6 (M.D. Ga. Oct. 22, 2018))).

5

Even ignoring the clarity of the disclosures, Plaintiffs' new allegations fall far below the pleading standard for fraud. Georgia law requires that a defendant used "some trick or artifice" to prevent them from investigating their claims. *Clinton v. State Farm Mut. Auto. Ins. Co.*, 110 Ga. App. 417, 422 (1964). The new allegations identify no "trick or artifice" that prevented the Plaintiffs from gathering information, conducting due diligence, or inquiring about the specific aspects of these transactions. In light of the disclosures provided in the Promotional Materials before Plaintiffs' investments and in the Investor Agreements, Plaintiffs' purported reliance on singular verbal statements is neither justified nor reasonable.

### ii. *Plaintiffs' Post-Investment Allegations (¶¶ 379–388)*

Plaintiffs' allegations that the Defendants delayed them from diligently investigating and discovering the alleged fraud are also meritless. It is well-settled that "[f]raud cannot consist of mere broken promises, expressions of opinion, unfulfilled predictions or erroneous conjecture as to future events." *Allen v. Columbus Bank & Tr. Co.*, 244 Ga. App. 271, 277 (2000). As this Court acknowledged, Plaintiffs were told that the tax rules might change, that the appraisals had come under significant scrutiny and criticism, and that there was a heightened risk of an audit. (*See* Doc. 290 at 40–41). The new allegations do not affect these findings. These communications involve the OSI Defendants' opinions

6

of a general disagreement with IRS Notice 2017-10, including that the IRS's position was unfair and unsupported. (*See* 3d Am. Compl. ¶¶ 380–81). As has been briefed extensively, the U.S. Tax Court and multiple federal courts have agreed, *uniformly* concluding that Notice 2017-10 is invalid as a matter of law. *Green Valley Invs., LLC v. Comm'r*, 159 T.C. No. 5 (2022); *GBX Assocs., LLC v. United States*, No. 1:22cv401, 2022 WL 16923886 (N.D. Ohio Nov. 14, 2022); *Green Rock, LLC v. IRS*, __ F. Supp. 3d __, 2023 WL 1478444 (N.D. Ala. 2023). Regardless, opinions about the law *cannot* be considered fraud. *See Lakeside Invs. Grp., Inc. v. Allen*, 253 Ga. App. 448, 450 (2002) (stating that "a misrepresentation as to a matter of law" constitutes "a statement of opinion only").

Plaintiffs also present allegations relating to the OSI Defendants' personal opinions regarding news articles discussing SCE transactions, which cannot be fraudulent. (*See id.* ¶¶ 382, 384); *see Doe v. Prudential-Bache/A.G. Spanos Realty Partners*, 222 Ga. App. 169, 175 (1996) (stating that a party cannot rely on "general commendations or mere expressions of opinion" (quotation marks omitted)). As to the OSI Defendants' alleged statements relating to the initiation and nature of IRS proceedings, these statements are unequivocally *true*. (*See* 3d Am. Compl. ¶¶ 383, 385–87). The remaining allegations establish only that the OSI Defendants hoped for a favorable result but made no guarantees. *See Next Century Commc'ns Corp.*

*v. Ellis*, 171 F. Supp. 2d 1374, 1381 (N.D. Ga. 2001) ("A lawsuit based upon such opinions or predictions is the equivalent of suing the weather man when one's picnic is rained out."). As with the prior disclosures, the IRS audits also gave Plaintiffs ample notice that the surrounding circumstances "must be inquired into and examined." *See Oconee Fed. Savings & Loan Ass'n v. Brown*, 351 Ga. App. 561, 573 (2019).

### iii. Plaintiffs' "Tax Advisor" Allegations (¶¶ 389–395)

Plaintiffs' final set of allegations asserts that the Defendants acted as the Plaintiffs' tax advisors.[5] First, Plaintiffs' additional allegations construing the Defendants as their "tax advisors" cannot overcome the explicit relationship established by the Investor Agreements. *See Curry v. TD Ameritrade*, No. 1:14-cv-1361-LMM, 2015 WL 11251449, at *11 (N.D. Ga. June 30, 2015) (stating that the existence of a fiduciary duty is determined "by the substantive agreement of the parties"). Plaintiffs' new allegations do not establish any "controlling influence" or "relationship of mutual confidence" for the finding of a confidential or fiduciary relationship. *See* O.C.G.A. § 23-2-58. Further, Plaintiffs' own pleadings admit that

---

[5] "The mere fact that one reposes trust and confidence in another does not create a confidential relationship." *Albee v. Krasnoff*, 255 Ga. App. 738, 741 (2002). Indeed, "most business relationships are not generally confidential or fiduciary relationships." *Newitt v. First Union Nat'l Bank*, 270 Ga. App. 538, 546 (2004) (citing *Williams v. Dresser Indus.*, 120 F.3d 1163, 1168 (11th Cir. 1997)).

8

they obtained independent tax advice, as they had represented in their Investor Agreements. (3d Am. Compl. ¶ 380 (alleging that the OSI Defendants sent an email to Radow's CPA), ¶ 389 (stating that Turk's accountant was present)).

The new allegations that the MMM Defendants advised Turk and Radow in January 2017 that they could still use the charitable deductions each was entitled to (*id.* ¶¶ 391, 395) do not make MMM their tax advisor.[6] On its face, this is merely a general statement about entitlement to an allocated deduction "as a member of one of [the SCE] partnerships," not specific tax advice intended to be relied upon. Moreover, when made, these statements were entirely true. Turk and Radow were allocated their share of the LLC's tax deduction, and they could use them. In January 2017, none of Plaintiffs' transactions had reached a final adjudication that LLC members were not entitled to claim the full deduction. (*Id.* ¶¶ 193, 218, 252, 278).

But these allegations do establish one thing: Plaintiffs' lack of diligence, which is fatal to their assertion of fraudulent concealment. Given their prior "red flag" allegations about the publication of IRS Notice 2017-10 in December 2016,[7]

---

[6] To the extent new Paragraph 372 attempts to attribute to MMM *all* of the alleged representations by the OSI Defendants discussed herein, such pleading does not comply with Rule 9(b) and should be disregarded. The only specifically pleaded new alleged representations by MMM are alleged in Paragraphs 391 and 395.

[7] Plaintiffs allege that Notice 2017-10 "advised professional advisors that it was heavily scrutinizing these transactions and would disallow tax deductions if

9

Plaintiffs were "on notice of a potential problem" at least by the time they supposedly "received conflicting information" from MMM and OSI in January 2017. *McClung Surveying, Inc. v. Worl*, 247 Ga. App. 322, 325 (2000). Yet given an opportunity to bolster their tolling allegations, Plaintiffs have still not made even a cursory attempt to plead their own diligence. "Blind reliance precludes a fraud claim as a matter of law." *Baxter v. Fairfield Fin. Servs., Inc.*, 307 Ga. App. 286, 294–95 (2010).

The remainder of these additional allegations suggests that various Defendants owed Plaintiffs a fiduciary duty because they sent Plaintiffs a Schedule K-1, indicating the claimed amount of their charitable deductions. (*Id.* ¶¶ 390, 391, 393, 395). As this Court previously found, allegations that these Defendants prepared tax returns establish only that they were engaging an "ordinary business activities," and do not suggest any fiduciary relationship. (*See* Doc. 290 at 67).

Accordingly, the Court should grant the Defendants' Joint Motion to Dismiss Plaintiffs' Third Amended Complaint and dismiss Plaintiffs' claims as time-barred.

---

certain circumstances existed, and taxpayers who claimed disallowed deductions would pay a heavy price." (3d Am. Compl. ¶ 129).

Respectfully submitted, 3rd day of April 2023.

| | |
|---|---|
| **BONDURANT MIXSON & ELMORE LLP** | **WARGO, FRENCH & SINGER LLP** |
| /s/ *John H. Rains*<br>John E. Floyd<br>Georgia Bar No. 266413<br>John H. Rains IV<br>Georgia Bar No. 556052<br>Jennifer L. Peterson<br>Georgia Bar No. 601355<br>1201 West Peachtree St. NW, #3900<br>Atlanta, GA 30309<br>*floyd@bmelaw.com*<br>*rains@bmelaw.com*<br>*peterson@bmelaw.com*<br>Tel: 404-881-4100/Fax: 404-881-4111<br><br>*Counsel for Morris, Manning & Martin, LLP and Timothy Pollock* | /s/ *David M. Pernini*<br>David M. Pernini<br>Georgia Bar No. 572399<br>Brandon Parrish<br>Georgia Bar No. 388223<br>999 Peachtree Street, NE 26th Floor<br>Atlanta, Georgia 30309<br>*dpernini@wfslaw.com*<br>*bparrish@wfslaw.com*<br>Tel: 404-853-1500<br>Fax: 404-853-1501<br><br>*Attorneys Defendants Ornstein-Schuler Investments LLC and Ornstein-Schuler Capital Partners LLC* |
| **FREEMAN MATHIS & GARY, LLP** | **HALL, GILLIGAN, ROBERTS & SHANLEVER LLP** |
| /s/ *Dana Maine*<br>Dana K. Maine<br>Georgia Bar No. 466580<br>Travis M. Cashbaugh<br>Georgia Bar No. 380162<br>100 Galleria Parkway, Suite 1600<br>Atlanta, GA 30339-5948<br>*dmaine@fmglaw.com*<br>*tcashbaugh@fmglaw.com*<br>Tel: 770-818-0000<br>Fax: 770-937-9960<br><br>*Counsel for Bennett Thrasher, LLC* | /s/ *Elizabeth M. Newton*<br>Warren R. Hall Jr.<br>Georgia Bar No. 319405<br>Elizabeth M. Newton<br>Georgia Bar No. 975191<br>3340 Peachtree Road<br>Suite 1900<br>Atlanta, GA 30326<br>*whall@hgrslaw.com*<br>*enewton@hgrslaw.com*<br>Tel: 404-442-8776<br>Fax: 404-537-5555 |

**PONTEM LAW LLC**

/s/ *Carl E. Volz*
Carl E. Volz
Admitted Pro hac vice
125 S. Clark Street, 17th Floor
Chicago, IL 60603
*carl.volz@pontemlaw.com*
Tel: 708-601-0261
Fax: 708-294-3004

*Counsel for Weibel & Associates, Inc. and Clay Weibel*


**BURR & FORMAN, LLP**

/s/ *Tala Amirfazli*
Brent D. Hitson
Georgia Bar No. 358025
Tala Amirfazli
Georgia Bar No. 523890
171 Seventeenth Street, NW
Suite 1100
Atlanta, Georgia 30363
*bhitson@burr.com*
*tamirfazli@burr.com*
Tel: 404-815-3000
Fax: 404-817-3244

*Counsel for Defendants Large & Gilbert, Inc. and Conservation Pays, LLC*

**AGOSTINO & ASSOCIATES, PC**
Frank Agostino (*pro hac vice*)
New Jersey Bar No. 005921987
Jeffrey Dirmann (*pro hac vice*)
New Jersey Bar No. 029232010
14 Washington Street
Hackensack, NJ 07601
*fagostino@agostinolaw.com*
*jdirmann@agostinolaw.com*
Tel: 201-488-5400
Fax: 201-488-5855

*Counsel for Defendants Marvin Blethen and Blethen Mine Consultants, LLC*

**HALL BOOTH SMITH, P.C.**

/s/ *Don B. Brown*
Don B. Brown
Georgia Bar No. 496667
D. Michael Williams
Georgia Bar No. 761328
W. Dowdy White
Georgia Bar No. 320879
191 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30303
*dbrown@hallboothsmith.com*
*dmwilliams@hallboothsmith.com*
*dwhite@hallboothsmith.com*
Tel: 404-954-5000
Fax: 404-954-5020

*Attorneys for Defendants Donald R. Sklar and Partnership Tax Solutions, Inc.*

| | |
|---|---|
| **HAWKINS PARNELL & YOUNG, LLP** | **SMITH GAMBRELL & RUSSELL, LLP** |
| /s/ *Christine Mast* <br> Christine L. Mast <br> Georgia Bar No. 461349 <br> Joseph H. Wieseman <br> Georgia Bar No. 558182 <br> 303 Peachtree Street, Suite 4000 <br> Atlanta, Georgia 30308 <br> *cmast@hpylaw.com* <br> *jwieseman@hpylaw.com* <br> Tel: 404-614-7400 <br> Fax: 855-889-4588 <br><br> *Counsel for Defendants Aaron Kowan and The Private Client Law Group* | /s/ *Jason Bell* <br> Anthony J. Rollins <br> Georgia Bar No. 613746 <br> Colin Đăng Delaney <br> Georgia Bar No. 216858 <br> Gregory K. Smith <br> Georgia Bar No. 658363 <br> Jason S. Bell <br> Georgia Bar No. 048530 <br> Promenade, Suite 3100 <br> 1230 Peachtree Street, NE <br> Atlanta, Georgia 30309 <br> *jbell@sgrlaw.com* <br> *cdelaney@sgrlaw.com* <br> *gsmith@sgrlaw.com* <br> *arollins@sgrlaw.com* <br> Tel: 404-815-3500 <br> Fax: 404-815-3509 <br><br> *Counsel for Defendants Atlantic Coast Conservancy, Inc., Atlantic Coast Conservancy Properties, LCL, Dr. Robert D. Keller and Environmental Research and Mapping Facility, LLC* |

**S. FENN LITTLE, JR. PC**

<u>*/s/ S. Fenn Little Jr.*</u>
S. Fenn Little Jr.
Georgia Bar No. 454360
1490 Mecaslin St., NW
Atlanta, Georgia 30309
*fennlaw@outlook.com*
Tel: 404-815-3100
Fax: 404-521-4029

*Counsel for Defendant Joseph C. Skalski*

14

## **RULE 7.1.D CERTIFICATE**

Pursuant to Local Rule 7.1(D), counsel certifies that the foregoing document has been prepared in Times New Roman font, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

*/s/ Jennifer L. Peterson*
Jennifer L. Peterson
Georgia Bar No. 601355
*peterson@bmelaw.com*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 3, 2023, a true and correct copy of the foregoing document was filed with the Clerk of the Court by using the CM/ECF system, which will automatically serve all parties of record.

/s/ *Jennifer L. Peterson*
Jennifer L. Peterson
Georgia Bar No. 601355
*peterson@bmelaw.com*