IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM N. TURK, et al., | : | |
| Plaintiffs, | : | |
| v. | : | |
| MORRIS, MANNING & MARTIN, LLP, et al., | : | CIVIL ACTION NO. 1:20-cv-02815-AT |
| Defendants. | : | |

## **ORDER**

Currently before the Court are Defendants' Motions to Dismiss Plaintiffs' Third Amended Complaint. [Docs. 355, 356, 357]. To assist with its ruling on these Motions, the Court **ORDERS** the parties file supplementary briefing on the below topic, not to exceed 15 pages, by **April 17, 2024**. The parties may also file one response brief, not to exceed seven pages, by **May 3, 2024**.[1]

The briefing should address the potential impact of the merger clauses, non-reliance clauses, and other express disclaimers in the Investor Agreements[2]—which Plaintiffs signed to participate in the syndicated conservation easement transactions—on the viability of Plaintiffs' fraud-predicated RICO claims. *See Peskin v. Peachtree Inv. Sols., LLC*, No. 1:21-CV-

---

[1] To avoid repetition, the Court requests that Defendants' file a single joint supplemental brief and a single joint response to Plaintiffs' brief.

[2] *See* (Docs. 223-6, 223-7, 223-8, 223-9).

00002-SCJ, 2023 WL 7457555, at *16–21 (N.D. Ga. Sept. 27, 2023); *see also Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1350 (11th Cir. 2016). The parties should not discuss the impact of these provisions on the running of the relevant statutes of limitations, which has already been briefed.

In the meantime, the Clerk is **DIRECTED** to **STAY** the Motions to Dismiss, [Docs. 355, 356, 357], pending the completion of the parties' supplemental briefing.

**IT IS SO ORDERED** this 14th day of March, 2024.

_____
**Amy Totenberg
United States District Judge**