IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM N. TURK, CARLITA B. TURK, and NORMAN RADOW, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS, MANNING & MARTIN, LLP, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:20-CV-2815-AT <br> ) <br> ) <br> ) **JURY DEMAND** <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' RESPONSE AND OBJECTION TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

The undersigned Defendants object to this Court taking judicial notice or other consideration of U.S. Tax Court materials in *Excelsior Aggregates, LLC v. Commissioner*, including an interlocutory Memorandum Findings of Fact and Opinion and the IRS's trial brief, as well as a *Forbes* opinion piece commenting on the case, as requested in Plaintiffs' Notice of Filing Supplemental Authority (Doc. 389). Plaintiffs' request should be denied for three reasons. First, the Tax Court's findings and opinion about the valuation of three other conservation donations have no bearing on the sufficiency of Plaintiffs' complaint here, including whether it alleges a plausible basis for tolling the statute of limitations. Second, judicial

notice of the truth of Tax Court findings and other materials would be unauthorized by the Federal Rules of Evidence and would violate Defendants' right to proof by competent evidence. Third, Plaintiffs have mischaracterized and misstated the content of the Tax Court's opinion in their 14-page Notice. That Notice is an improper attempt to influence this Court's decision on the pending motion to dismiss by inserting extraneous issues that Plaintiffs (wrongly) believe support their case on the merits.

Defendants therefore respectfully ask that this Court deny Plaintiffs' requests for notice and consideration of extraneous materials, findings, and opinions, and that it grant the pending motion to dismiss the Third Amended Complaint.

**I.     The Tax Court's Findings Have No Bearing on the Pending Motion to Dismiss.**

Nothing in the *Excelsior Aggregates* opinion (or the other materials Plaintiffs' Notice asks this Court to consider) bears on the issues that are actually pending before this Court. Defendants have moved to dismiss Plaintiffs' Third Amended Complaint, and the issues presented are straightforward:

- Have Plaintiffs' plausibly and particularly alleged fraudulent concealment that tolls the statute of limitations?

- Have Plaintiffs plausibly alleged that any Defendant was Plaintiffs' tax advisor?

- Have Plaintiffs plausibly alleged that predicate acts of mail/wire fraud proximately caused their RICO injuries, in light of the extensive warnings and disclaimers Plaintiffs received and signed?

As Defendants have argued, the answer to each of these questions about Plaintiffs' allegations is *no*.[1] None of the new communications cited in the Third Amended Complaint makes it plausible that Plaintiffs were debarred from suing, particularly in light of the extensive "storm warnings" in the investor agreements and promotional materials. Vague predictions, opinions, and true statements cannot supply the requisite fraudulent concealment. No new "tax advisor" allegations can defeat Plaintiffs' other allegations about their lack of reasonable due diligence. And because Plaintiffs disclaimed their reliance on representations about tax benefits, valuations, and other communications regarding conservation easements, Plaintiffs cannot plausibly allege that their RICO injuries were "by reason of" a predicate act of mail or wire fraud.

Nothing the Tax Court found about the valuation of three other conservation donations can fix these fatal flaws in Plaintiffs' complaint. Indeed, even in the Tax Court, Judge Lauber's 50-page opinion addressed no legal or factual issues other than property valuations. It is an interlocutory ruling that the Tax Court arrived at only after the parties made extensive stipulations on factual issues, and it will be

---

[1] (*See generally* Docs. 355, 356, 357, 383, 385).

subject to appeal, if and when it becomes final. Although the *Excelsior Aggregates* ruling ultimately may collaterally affect the tax-saving benefits for Industrial S&G LLC, it does not affect what Plaintiffs have alleged about that transaction, for purposes of the motion to dismiss. After all, Plaintiffs have already alleged that the Industrial S&G tax deduction was disallowed due to an inflated valuation.[2] Beyond that, the Tax Court made no findings of fraudulent concealment, no identifications of individual investors' tax advisors, and no discussions of the warnings and disclaimers that were provided to individual investors.

None of the "parallels" Plaintiffs urge this Court to consider sheds any light on the actual issues presented by Defendants' motion as to Industrial S&G, or the other three transactions alleged in the Third Amended Complaint. And to the extent Plaintiffs attempt to insert the Tax Court's opinion as substantive support for their allegations, they cannot *de facto* amend their complaint, yet again, through an unauthorized brief and notice of supplemental authority.[3]

Nor is the motion to dismiss affected by Weibel's invocation of his right not to testify in the Tax Court. Plaintiffs essentially ask this Court to draw an adverse

---

[2] (Doc. 349 ¶ 251). And this Court has already ruled that the statute of limitations on this transaction expired four years after the Turk Plaintiffs signed the Investor Agreement. (Doc. 290 at 47-48).

[3] (*Cf.* Doc. 351 at 2 (denying Motion for Leave to File Fourth Amended Complaint because permitting further briefing and amendment "is not a wise course of action")).

inference from that invocation—an inference the Tax Court did not draw at trial.[4] And similarly, Plaintiffs ask this Court to infer that L&G, CP, Sklar, and PCLG "chose to be willfully blind"—even though the Tax Court did not discuss the duties of similarly situated professionals and did not opine on what professionals knew or should have known. Neither inference can be drawn here. Further, on a motion to dismiss, where this Court is simply evaluating the sufficiency of the pleadings as a matter of law, drawing any such inference would be nonsensical. *Cf. CFTC v. Amerman*, No. 1:07-CV-2280-WBH, 2013 WL 12099156, at *3 (N.D. Ga. Apr. 19, 2013) (declining to draw an adverse inference at summary judgment, because to do so "would remove the option from the trier of fact").

As Defendants have argued, dismissal for failure to state a claim is appropriate where "it is apparent from the face of the complaint that the claim is time-barred." *My24HourNews.com, Inc. v. AT&T Corp.*, 791 F. App'x 788, 796 (11th Cir. 2019). Plaintiffs' complaint establishes that Plaintiffs received the promotional materials and investor agreements, and those incorporated documents show Plaintiffs were warned that the IRS might audit and disallow the conservation easement deductions on the basis of their possible overvaluation.[5] And Plaintiffs'

---

[4] (*See* Doc. 389-1 at 5 & n.4) (discussing Weibel's unavailability to testify due to his invocation, but not drawing any adverse inference).

[5] (Doc. 290 at 40-42). Plaintiffs' complaint also alleges decades of pre-investment warnings from the IRS about its intent to "carefully scrutinize and eventually disallow" conservation easement deductions. (Doc. 349 ¶¶ 122, 126-127).

complaint already alleges that is exactly what happened.[6] The Tax Court's subsequent agreement with the IRS about certain limited aspects of the valuation of other conservation transactions adds nothing to what the complaint and incorporated documents already show about Plaintiffs' knowledge and lack of diligence in the face of these warnings.

## II. The Tax Court's Findings and Plaintiffs' Other Materials Are Not Appropriate for Judicial Notice.

Tellingly, Plaintiffs' Notice cites no authority for its extraordinary request that this Court take judicial notice of the Tax Court's ruling, the IRS's briefing, and a *Forbes* opinion piece.[7] No such authority exists. Instead, Rule 201 of the Federal Rules of Evidence closely circumscribes judicial notice, limiting it to those facts which are "not subject to reasonable dispute." Fed. R. Evid. 201(b). The Eleventh Circuit has "caution[ed] that the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that

---

However, the post-investment IRS Notice 2017-10, which the complaint also repeatedly alleges (*id.* ¶¶ 129, 380-382, 389, 394), has since been invalidated by both the Tax Court and the Eleventh Circuit. *Green Rock LLC v. IRS*, — F.4th —, 2024 WL 2821767 (11th Cir. 2024); *Green Valley Inv'rs, LLC v. Comm'r*, 159 T.C. No. 5 (2019).

[6] (Doc. 349 ¶¶ 191-192, 218-219, 250-251, 278-279).

[7] While undisputed *facts* in public documents may be appropriate for judicial notice, it does not appear that Plaintiffs are offering the *Forbes* piece praising Judge Lauber's ruling for any such facts. (*See* Doc. 389 at 3 n.3). Defendants object to this Court's consideration of the *Forbes* opinion piece for any purpose.

the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Paez v. Secretary*, 947 F.3d 649, 652 (11th Cir. 2020) (quotation marks omitted).

Thus, to the extent Plaintiffs seek to bypass their own burden of pleading or proof by filing their Notice, that is wholly improper. "It is the rule of [the Eleventh Circuit Court of Appeals] that the Court may take judicial notice of another court's order *only* for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation, *not for the truth of the matters asserted in the other litigation*." *Argos USA LLC v. Young*, No. 1:18-CV-02797-ELR, 2019 WL 4125968, at *3 (N.D. Ga. June 28, 2019) (alteration and first emphasis in original; second emphasis added). Judicial notice is not a shortcut for one court to adopt another court's findings as its own. *United States v. Annamalai*, No. 1:13-CR-437-TCB, 2016 WL 11609576, at *2 (N.D. Ga. Jan. 7, 2016) (denying motion to take judicial notice that also "asks the Court to take judicial notice of voluminous documents, not specific facts that are readily apparent from those documents").

Plainly, Plaintiffs offer both the Tax Court's opinion and the *Forbes* opinion for their supposed truth, despite their irrelevance to the motion to dismiss. But the IRS's adversarial trial brief and the Tax Court's findings—and certainly the *Forbes* contributor's opinions—are not "fact[s] that [are] not subject to reasonable

dispute"; they are neither "generally known within the trial court's territorial jurisdiction" nor "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1-2). On the contrary, the facts surrounding the valuations of the three conservation donations are the hotly contested, central issues that were hard fought in the Tax Court and may reasonably be questioned on appeal.

In sum, this Court may not judicially notice the truth of any of the Tax Court's findings in *Excelsior Aggregates*, whether they be Plaintiffs' purported "conspiracy finding," the Tax Court's actual findings about the valuation of the three donations, or the various other statements in its 50-page ruling. To do so would plainly violate Defendants' rights—if the Court does not dismiss the complaint—to proof by competent evidence and to a trial by jury. *See Annamalai*, 2016 WL 11609576, at *2 ("the Court will not interfere with the fact-finding role of the jury").

### III. Plaintiffs' Brief Mischaracterizes the Tax Court's Ruling.

If this Court were to consider any of the *Excelsior Aggregates* materials, it should disregard the several mischaracterizations of the Tax Court's opinion in Plaintiffs' Notice. First, Plaintiffs urge this Court to "keep in mind the Tax Court's finding of a conspiracy" (Doc. 389 at 14). But the Tax Court found no such thing. The word "conspiracy" does not appear anywhere in the Tax Court's ruling.

Instead, Plaintiffs appear to be referring to the Tax Court's unremarkable finding that Schuler, Ornstein, Bennett, and Walstad "executed a memorandum of understanding" about their conservation easement projects (Doc. 389-1 at 16).[8] The Tax Court's comment in a footnote that appraisals "appear to have been reverse-engineered" (*quoted in* Doc. 389 at 11) is also not a "conspiracy finding."

Second, although Plaintiffs' Notice intones the names of several current and former Defendants in this lawsuit, the Tax Court's opinion does not mention most of these professionals *at all*. The Tax Court's 50-page ruling names no attorneys (not PCLG or MMM) and no tax preparers (not Sklar, L&G, or Bennett Thrasher), nor Defendants ACC, ERMF, or CP.[9] Plaintiffs' attempt to shoehorn those Defendants into this Tax Court ruling should be rejected.

---

[8] Plaintiffs dismissed Bennett, Walstad, and their firm Greencone Investments from this lawsuit years ago (Docs. 206, 207, 209). The Third Amended Complaint simply alleges that OSI and Greencone "formed a partnership" (Doc. 349 ¶ 107), apparently Big Escambia Ventures, LLC (BEV) discussed in the *Excelsior Aggregates* opinion. But contrary to Plaintiffs' assertion about "what Plaintiffs allege here" (Doc. 389 at 10), the Third Amended Complaint does not particularly allege that OSI and Greencone agreed "to inflate the appraised value" of conservation property. If Plaintiffs' Notice purports to amend their pleading to add an allegation of an "explicit agreement to inflate" (*id.*), Defendants oppose this procedurally improper attempt. *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("Filing a motion is the proper method to request leave to amend a complaint.").
[9] The Tax Court's cursory mentions of Blethen simply note his cautions to Greencone about the application of his mining analyses. (Doc. 389-1 at 18, 37).

Third, this Court should not be misled by Plaintiffs' breezy description of the Tax Court proceedings. The proceedings were anything but breezy. The "partial trial" of three LLCs' petitions was conducted over two weeks in December 2022, followed by several rounds of additional briefing, and multiple iterations of jointly stipulated facts with thousands of pages of exhibits filed over the next year—all just to find that three valuations used the wrong methodology, in the Tax Court's view.[10] And again, the Tax Court proceedings are ongoing; no final order has been entered, and any final order will be subject to appeal. Here, a similar expert- and document-intensive exercise would be only the tip of the iceberg, given not only the greater number of conservation transactions at issue, but much more significantly: the vast number of personalized, investor-by-investor, transaction-by-transaction determinations this Court would have to make regarding whether each putative class member reasonably relied on—and was therefore proximately injured by—any of the communications Plaintiffs have alleged as mail/wire fraud.

## IV. Conclusion.

---

[10] *See generally* U.S. Tax Court Docket Record, No. 20608-18, *available at* https://dawson.ustaxcourt.gov/case-detail/20608-18. Judicial notice of the facts of dates and filings on a public docket is permissible. *Paez*, 947 F.3d at 652. Indeed, this Court has taken judicial notice of a single, indisputable fact in an order of the Tax Court. *Lechter v. Aprio, LLP*, 565 F. Supp. 3d 1279, 1301 (N.D. Ga. 2021) (noticing a date mentioned in a Tax Court order). Although this was a simple fact beyond reasonable dispute, Plaintiffs' attorneys—ironically—opposed judicial notice. *Id.*

Defendants object to Plaintiffs' inappropriate notice and ask that it be denied in full, that the Tax Court's *Excelsior Aggregates* ruling, the IRS's briefing, and the *Forbes* piece be disregarded, and that Defendants' motion to dismiss the Third Amended Complaint be granted in full.

Respectfully submitted, this 17th day of June, 2024.

| | |
|---|---|
| **BONDURANT, MIXSON & ELMORE, LLP** | **HAWKINS PARNELL & YOUNG, LLP** |
| /s/ *John H. Rains IV* | /s/ *Christine Mast* |
| John E. Floyd | Christine L. Mast |
| Georgia Bar No. 266413 | Georgia Bar No. 461349 |
| John H. Rains IV | Joseph H. Wieseman |
| Georgia Bar No. 556052 | Georgia Bar No. 558182 |
| Jennifer L. Peterson | 303 Peachtree Street, Suite 4000 |
| Georgia Bar No. 601355 | Atlanta, Georgia 30308 |
| 1201 West Peachtree St. NW, #3900 | cmast@hpylaw.com |
| Atlanta, GA 30309 | jwieseman@hpylaw.com |
| floyd@bmelaw.com | Tel: 404-614-7400 |
| rains@bmelaw.com | |
| peterson@bmelaw.com | *Counsel for Aaron Kowan and The Private Client Law Group* |
| Tel: 404-881-4100 | |
| *Counsel for Morris, Manning & Martin, LLP and Timothy Pollock* | **HALL BOOTH SMITH, PC** |
| | /s/ *Don B. Brown* |
| | Don B. Brown |
| **BURR & FORMAN, LLP** | Georgia Bar No. 496667 |
| | D. Michael Williams |
| /s/ *Tala Amirfazli* | Georgia Bar No. 761328 |
| Brent D. Hitson | Meghan Pittman |
| Georgia Bar No. 358025 | Georgia Bar No. 616791 |
| Tala Amirfazli | Margaret Daly |
| Georgia Bar No. 523890 | Georgia Bar No. 223322 |
| 1075 Peachtree Street NE | 191 Peachtree Street NE, Suite 2900 |
| Suite 3000 | Atlanta, Georgia 30303 |

Atlanta, Georgia 30309
bhitson@burr.com
tamirfazli@burr.com
Tel: 404-815-3000

*Counsel for Large & Gilbert, Inc. and Conservation Pays, LLC*

**PONTEM LAW LLC**

/s/ *Carl E. Volz*
Carl E. Volz (*pro hac vice*)
125 S. Clark Street, 17th Floor
Chicago, IL 60603
*carl.volz@pontemlaw.com*
Tel: 708-601-0261

*Counsel for Weibel & Associates, Inc. and Clay Weibel*

/s/ *Dana Maine*
Dana K. Maine
Georgia Bar No. 466580
William H. Buechner, Jr.
Georgia Bar No. 086392
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
*dmaine@fmglaw.com*
*bbuechner@fmglaw.com*
Tel: 770-818-0000

*Counsel for Bennett Thrasher, LLC*

dbrown@hallboothsmith.com
dmwilliams@hallboothsmith.com
meghanpittman@hallboothsmith.com
mdaly@hallboothsmith.com
Tel: 404-954-5000

*Counsel for Donald R. Sklar and Partnership Tax Solutions, Inc.*

**S. FENN LITTLE, JR. PC**

/s/ *S. Fenn Little Jr.*
S. Fenn Little Jr.
Georgia Bar No. 454360
1490 Mecaslin St., NW
Atlanta, Georgia 30309
*fennlaw@outlook.com*
Tel: 404-815-3100

*Counsel for Joseph C. Skalski*

**WARGO, FRENCH & SINGER LLP**

/s/ *David M. Pernini*
David M. Pernini
Georgia Bar No. 572399
Brandon Parrish
Georgia Bar No. 388223
999 Peachtree Street, NE, 26th Floor
Atlanta, Georgia 30309
*dpernini@wfslaw.com*
*bparrish@wfslaw.com*
Tel: 404-853-1500

*Counsel for Defendants Ornstein-Schuler Investments LLC and Ornstein-Schuler Capital Partners LLC*

# **RULE 7.1(D) CERTIFICATE**

Pursuant to Local Rule 7.1(D), counsel certifies that the foregoing document has been prepared in Times New Roman font, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

/s/ *Jennifer L. Peterson*
Jennifer L. Peterson
Georgia Bar No. 601355
*peterson@bmelaw.com*

# CERTIFICATE OF SERVICE

The undersigned certifies that on June 17, 2024, a true and correct copy of the foregoing document was filed with the Clerk of the Court by using the CM/ECF system, which will automatically serve all parties of record.

/s/ *Jennifer L. Peterson*
Jennifer L. Peterson
Georgia Bar No. 601355
*peterson@bmelaw.com*